IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ROBIN MAYFIELD, et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) CIVIL ACTION 3:17-CV-514-CWR-FKB |
| v. | )<br>) |
| BUTLER SNOW LLP, et al. | )<br>) |
| Defendants. | ) |

### PLAINTIFFS' MOTION TO STRIKE RICHARD WILBOURN, III'S MOTION TO DISMISS

COME NOW Plaintiffs Robin Mayfield, Owen Mayfield, William Mayfield, and the Estate of Mark Stevens Mayfield (collectively, the "Mayfields" or "Plaintiffs"), by and through counsel, pursuant to Federal Rule of Civil Procedure 12(f), and respectfully move the Court to strike Richard Wilbourn, III ("Wilbourn")'s Motion to Dismiss, including the exhibits and supporting memorandum [ECF Doc. 35, 35-1, 35-2, 36] (hereinafter, collectively the "Motion to Dismiss" or the "Motion"), wherein Wilbourn asks the Court to consider (a) factual allegations that are raised in the Motion to Dismiss but not found in the Amended Complaint or documents referenced therein, and (b) chancery court complaints for discovery and a hearing transcript (1) that are clearly improper (and certainly inadmissible) under a Rule 12(b)(6) motion (and would also be inadmissible at trial, when evidence is to be considered); (2) contain no sworn testimony, affidavit, or other evidence, (3) that are irrelevant, and (4) that raise issues of fact that are disputed. In support of this Motion to Strike, the Mayfields would show the Court the following:

### INTRODUCTION AND 12(B)(6) STANDARD OF REVIEW

1.  Before the Court is Wilbourn's Motion to Dismiss. [ECF Doc. 35]. The Mayfields initiated this action by filing their Complaint on June 27, 2017. [ECF Doc. 1]. On July 21, 2017,

1

the Plaintiffs filed their First Amended Complaint. [ECF Doc. 6]. All Defendants have now filed motions to dismiss. On September 19, 2017, the Court entered its Rule 16(a) Initial Order [ECF Doc. 30]. By text-only order of September 25, 2017, the Court stayed discovery pursuant to L.U.Civ.R. 16(b)(3)(B) pending a decision "on the [MPD Defendants'] motion for [qualified] immunity."

2. In considering a 12(b)(6) Motion to Dismiss, a Court "may not generally go beyond the pleadings but should '…only test whether the claim has been adequately stated in the complaint.'" *Kirksey v. Am. Bankers Ins. Co*., 114 F. Supp. 2d 526, 527 (S.D. Miss. 2000) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 at 298 (1990)). It is well-settled that only the complaint and the pleaded allegations are to be considered in reaching a decision on a Rule 12(b)(6) motion to dismiss. *See, e.g., Colle v. Brazos County*, 981 F. 2d 237, 243 (5th Cir. 1993).

3. In his Motion to Dismiss, Wilbourn improperly introduces <u>new</u> allegations and documents outside of those in the Amended Complaint. Under the applicable Rule and caselaw, the Court can neither consider these new allegations, nor can it on a Motion to Dismiss decide disputed questions of facts that these new allegations and documents raise.

4. Furthermore, inasmuch as there has been no discovery, nor even a scheduling conference, Wilbourn's Motion to Dismiss cannot in good faith reach outside the pleadings and introduce information that would not even qualify as testimony or evidence, and involving parties that the Mayfields have not had opportunity to access or question through discovery. Finally, to the extent the Court does consider these additional submissions, as will be further shown in Plaintiffs' Response to the Motion to Dismiss, they fail to support Wilbourn's conclusions.

5. Accordingly, the Court should strike those portions of Wilbourn's Motion to Dismiss so as to rely solely on the sufficiency of the allegations in the Mayfields' Amended Complaint in rendering its decision.

**ARGUMENT**

**A. Wilbourn improperly asks the Court to consider new factual allegations outside of those alleged by Plaintiffs in the Amended Complaint.**

6. Both consideration of facts outside the complaint and the resolution of factual disputes are improper for a Court to entertain in the context of a Rule 12(b)(6) motion to dismiss. *See Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011)(citing *Roe v. Texas Dep't of Protective and Regulatory Services*, 299 F.3d 395, 400 (5th Cir. 2002 and *Brown v. Nationsbank Corp*. 188 F.3d 579, 585-86 (5th Cir. 1999)) Because Wilbourn's Motion asks the Court to do both, the Court should strike those portions in deciding his Motion.

7. Wilbourn's Motion to Dismiss presents to the Court new factual allegations outside of the Amended Complaint. Specifically, at page 15, Wilbourn asserts, "Richard's last interaction with Mark occurred well before the day Mark took his life; moreover, Mark made preparations to commit suicide, leaving a suicide note that, on information and belief, took responsibility for his actions." [ECF Doc. 36, p. 15]. These factual allegations are nowhere in the Amended Complaint. There is no basis for them in anything alleged by the Mayfields or the documents referred to in the Amended Complaint. Indeed, Wilbourn offers no indication of where he got these factual allegations; they are, rather, at this juncture, unsupported allegations that are improperly put before the Court in a Motion to Dismiss[1].

---

[1] If Wilbourn intends to assert these allegations as part of an affirmative defense in answer to the Amended Complaint, they will, at that time, be the subject of discovery.

8. Relying on these allegations about the timing of Wilbourn's last interaction with Mark, Mark's "preparations," and contents of an alleged suicide note, all of which are pulled from somewhere outside of the Amended Complaint, Wilbourn's Motion then concludes that Mark could not have been acting under an irresistible impulse. However, the Motion fails to present any factual predicate within the pleadings for these allegations regarding Wilbourn's last interaction with Mark, any "preparations to commit suicide" by Mark, or any note left by Mark. This is because <u>they are not in the pleadings.</u> Even if the Motion *had* presented any basis at all for these allegations, that alone would further demonstrate why this portion of the Motion should be stricken; such new facts based on additional outside information are not properly considered by the Court in reaching a decision on a motion to dismiss.

9. Moreover, even assuming, *arguendo,* that these additional facts were to be considered, the Amended Complaint sets forth sufficient factual allegations for the Court to infer that the Mayfields can prove that Mark was acting under an irresistible impulse, as will be further discussed in their Response to Wilbourn's Motion. The facts of the Amended Complaint are to be read in the light most favorable to the Mayfields in deciding a Motion to Dismiss. In addition, the applicable and persuasive law regarding irresistible impulse in wrongful death claims involving suicide provides that temporal proximity to communication with the decedent is not necessary to a finding of liability where a defendant's intentional wrongful act proximately caused the death; neither does making preparation nor leaving a note preclude a finder of fact from determining the decedent acted under mental distress amounting to an irresistible impulse.[2] As such, the Amended Complaint sufficiently alleges facts to support a claim for wrongful death against Wilbourn.

---

[2] *See State for Use and Benefit of Richardson v. Edgeworth*, 214 So. 2d 579, 583 (Miss. 1968); *see also Fuller v. Preis*, 35 N.Y. 2d 425, 322 N.E. 2d 263, 268 (N.Y. 1974); *Orcutt v. Spokane County*, 364 P. 2d 1102 (Wash. 1962). This will be further addressed in Plaintiffs' Response to Wilbourn's Motion to Dismiss.

10. The Court should not consider the new facts related to the timing of Wilbourn's last alleged interaction with Mark, any "preparations to commit suicide" by Mark, or "a suicide note" and its content as alleged by Wilbourn's Motion. Nor should it consider the arguments based thereon in Court's ruling on the subject Motion to Dismiss. Those parts of Wilbourn's Motion should be stricken.

**B. Wilbourn improperly ask the Court to consider records outside the Amended Complaint that are irrelevant and disputed.**

11. Wilbourn's Motion further asks the Court to take judicial notice (in the section of the memorandum in support of the Motion, this is captioned "Judicial Estoppel") of two Complaints for Discovery and the transcript from a hearing conducted in the Madison County Chancery Court on Plaintiffs' petition for discovery filed against Wilbourn in that chancery court. We assume Wilbourn would have this Court judicially notice these proceedings (along with the Hinds County Chancery Complaint for Discovery) as public records. However, it was not just the <u>existence</u> of the records that the Motion asked the Court to consider.[3] Rather, the Motion asks the Court to assume that the disposition of those actions and the transcript of a hearing (attached as Exhibit "A" to Wilbourn's Motion) in the action filed in the Chancery Court of Madison County, Case 3:17-cv-00514-CWR-FKB, decided many factual questions raised therein.

12. Specifically, Wilbourn asks the Court to interpret the Madison County Chancery Court's ruling from the bench at the hearing on Plaintiffs' Petition for Discovery in that case, in which it dismissed a complaint for discovery, as a determination that the Mayfields fail to state a cause of action against Wilbourn in this (or any) court. Wilbourn contends that the Complaint for Discovery in that action "rested on the same allegations as pled here." The three-page Complaint

---

[3] The Hinds County action was and remains maintained under seal, so whether or not it even can be considered "public" is unlikely.

5

for Discovery attached as Exhibit "B" to Wilbourn's Motion contains nowhere near the factual allegations contained in Plaintiffs' 42-page Amended Complaint herein. Furthermore, it is axiomatic that in filing a Complaint for Discovery, information was being sought; it would necessarily be less detailed in its allegations than a Complaint for relief filed in federal district court. The mere existence of proceedings in chancery courts for Complaints for Discovery (in contrast to complaints for relief) are irrelevant to the sufficiency of the instant Complaint.

13. Wilbourn next would have the Court estop the Mayfields from filing claims against Wilbourn herein because they contended at the hearing in Madison County that Wilbourn is (and remains) in possession of relevant information that could help them determine the existence of causes of action. Plaintiffs did not, as Wilbourn contends, take a prior position that they had no basis for claims against Wilbourn; rather, they merely wanted additional information in order to proceed with as much certainty as possible. Wilbourn clearly disagrees, as is evidenced both in the transcript and in the pleadings at bar; thus, a dispute exists and this court's consideration of the transcript for purposes of a motion to dismiss ends there.

14. However, even if this Court were to consider the hearing transcript, the Madison County Chancery Court's bench ruling actually supports the Mayfields' filing of the instant action and the sufficiency of their Amended Complaint. That chancery court did not find that Plaintiffs failed to state a claim against Wilbourn; rather, the chancellor found that the Plaintiffs had alleged sufficient facts to support filing a complaint in a court of proper jurisdiction for causes of action asserted against Wilbourn.

15. Even based on the limited Complaint for Discovery, that chancery court determined that under applicable law, the Mayfields had alleged sufficient facts sounding in tort for them to file a complaint in good faith and thereby obtain discovery from Wilbourn in a different court. The chancellor stated:

> I read through the complaint for discovery. I was struck with the language beginning with paragraph 14, 'On information and belief, Richard Wilbourn, III, among other things may have engaged in negligent and/or tortious actions that harmed Mr. Mayfield and his business, embarrassed and humiliated, and caused severe emotional distress and caused his death.'
>
> The first question that arose from me was what is the purported duty of—by Mr. Wilbourn to Mark Mayfield and his family. That sounds in tort. Tort claims are the exclusive jurisdiction of circuit court. The Kuljis versus Winn-Dixie case makes it clear that where discovery is available in a circuit court venue, then bill of discovery is the improper vehicle to use to get that information.

[Doc. 35-1], p. 63. The chancellor continued, "And the Supreme Court specifically said that where the complaint is filed in good faith, then Rule 11 and Litigation Accountability sanctions are not available. <u>Because discovery is available in the appropriate circuit court proceeding</u>, I'm granting the motion to dismiss." [Doc. 35-1], p. 65 (emphasis added). A fair conclusion from that statement is that the Madison County Chancery Court was dismissing the Complaint for Discovery in order that the Plaintiffs could file a complaint for relief in another court and that the facts they had already alleged (which were fewer than those in this court) already provided a good faith basis for a suit sounding against Wilbourn (at least) in tort.

16.     Ultimately, the Mayfields elected to file their Complaint in federal district court because of the jurisdiction conferred by their federal causes of action, but the reasoning of the Madison County Chancery Court holds with respect to claims against Wilbourn, sufficiency thereof, and the availability of discovery here.

17.     As detailed in the Amended Complaint and will be further demonstrated in Plaintiffs' Response to Wilbourn's Motion to Dismiss, the facts known and pled provide ample reason to believe that Wilbourn participated in a civil conspiracy and, further, that these and additional actions he took individually constituted intentional acts giving rise to a claim for wrongful death, and for negligent infliction of emotional distress. The "facts" Wilbourn would have the Court infer from the Complaint for Discovery and hearing transcript, furthermore, are at

7

the least, disputed and subject to differing interpretation. (At the most, they support denial of Wilbourn's Motion to Dismiss.) Wilbourn's claim that the Mayfields have taken inconsistent positions with respect to their claims against Wilbourn, as well as Wilbourn's absurd and misleading claim that the Madison County Chancery Court found that Plaintiffs had no claim against Wilbourn, are assertions that raise factual questions that the Court first would have to resolve in Wilbourn's favor before reaching the conclusions that Wilbourn draws. This request for the Court to render a decision on disputed issues of fact is not a proper use of judicial notice (or, as Wilbourn terms it, estoppel) in a Rule 12(b)(6) motion to dismiss setting.

18. "On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)(quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3rd Cir. 1999)). A judicially noticed fact must be one <u>not subject to reasonable dispute</u> in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Rule 201(b), Federal Rules of Evidence. As explained above, the "facts" in the Complaint for Discovery and hearing transcript (much less the conclusions that Wilbourn actually asks the Court to draw from them) are very much subject to reasonable dispute.

19. Equally important, a dismissal by the Madison County Chancery Court of a Complaint for Discovery does not *post hoc* establish that the Mayfields lacked a basis to file the instant Complaint, despite Wilbourn's leap to that conclusion. As stated above, the Madison County court actually found that Plaintiffs <u>had</u> sufficient facts to file a complaint.

20. For all these reasons, the Court should not consider any evidence, much less extrinsic evidence on disputed facts, including the Complaints for Discovery or hearing transcript documents improperly attached to Wilbourn's Motion and argued therein, or the conclusions Wilbourn draws from those actions or the documents attached to his Motion, and should strike the Motion to Dismiss which is based on the Complaints for Discovery and proceedings in those actions. At a minimum, the Court should strike the documents improperly attached to Wilbourn's Motion to Dismiss, and any arguments based upon those attachments.

## **CONCLUSION**

21. Wilbourn's Motion to Dismiss improperly seeks to have the Court consider alleged facts and documents outside of the Amended Complaint. Furthermore, Wilbourn seeks to have the Court, in considering these allegations, accept his version of factual disputes about the correctness of his asserted facts, all of which are disputed. The Court should strike Wilbourn's Motion to Dismiss in its entirety.

22. Should the Court decide against striking the entire Motion, at a minimum, the Court should strike those allegations, documents, and arguments that fall outside the Amended Complaint, including Wilbourn's allegations and arguments that would require the Court to resolve factual disputes at this procedurally improper juncture. The Court should strike all portions of Wilbourn's Motion to Dismiss that assert and arguments which rely upon the assertion that Wilbourn last interacted with Mark Mayfield well before the day Mark took his life; that Mark made preparations to commit suicide; and that Mark left a suicide note that took responsibility for his actions.

23. The Court should further strike from the Motion the Complaint for Discovery and hearing transcript (Exhibits "A" and "B") attached to the Motion and any argument that the

existence of these proceedings, their content, procedural posture, or outcomes preclude the Mayfields' filing a claim against Wilbourn, as doing so would require resolving a factual dispute.

WHEREFORE, PREMISES CONSIDERED, Robin Mayfield, Owen Mayfield, William Mayfield, and the Estate of Mark Stevens Mayfield, Plaintiffs herein, respectfully request that the Court strike the Motion to Dismiss and supporting memorandum submitted by Richard Wilbourn, III. Alternatively, Plaintiffs respectfully request that the Court strike aforementioned parts of the Motion to Dismiss and supporting memorandum.

Respectfully submitted, this, the 19th day of October, 2017.

*/s/Dorsey R. Carson, Jr.*
Dorsey R. Carson, Jr., Esq. (MSB #10493)
Julie C. Skipper, Esq. (MSB #101591)
Steve C. Thornton, Esq. (MSB #9216)
Attorneys for Plaintiffs
*Robin Mayfield, Owen Mayfield, William Mayfield, and The Estate of Mark Stevens Mayfield*

**OF COUNSEL:**

CARSON LAW GROUP, PLLC
Capital Towers, Suite 1336
Jackson, MS 39201
Telephone: 601.351.9831
Facsimile: 601.510.9056
Email: dcarson@thecarsonlawgroup.com
Email: jskipper@thecarsonlawgroup.com

-and-

THORNTON LAW FIRM
P.O. Box 16465
Jackson, MS 39236
Telephone: 601.982.0313
Facsimile: 601.957.6554
Email: mail@lawlives.com

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

This the 19th day of October, 2017.

                                                  */s/ Dorsey R. Carson, Jr.*
                                                OF COUNSEL