IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ROBIN MAYFIELD, et al. ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | CIVIL ACTION  3:17-CV-514-CWR-FKB |
| v. ) | |
| ) | |
| BUTLER SNOW LLP, et al. ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFFS' MOTION TO STRIKE
### BUTLER SNOW DEFENDANTS' REPLY
### IN SUPPORT OF THEIR MOTION TO DISMISS

Plaintiffs Robin Mayfield, Owen Mayfield, William Mayfield, and the Estate of Mark Stevens Mayfield (collectively, the "Mayfields" or "Plaintiffs"), by and through counsel, respectfully move the Court to strike the Reply in Support of Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [ECF Doc. 37] (hereinafter the "Reply") filed by the Butler Snow Defendants where it asks the Court to consider (a) factual allegations that are raised in the Reply but not found in the Amended Complaint or documents referenced therein and (b) public records that are irrelevant and raise issues of fact that are disputed.  In support of this motion, Plaintiffs would show the Court the following:

### INTRODUCTION AND 12(B)(6) STANDARD OF REVIEW

1.    Before the Court is the Butler Snow Defendants' Motion to Dismiss. [ECF Doc. 15]. The Mayfields initiated this action by filing their Complaint on June 27, 2017. [ECF Doc. 1]. On July 21, 2017, they filed their First Amended Complaint. [ECF Doc. 6]. All Defendants have filed Motions to Dismiss. On September 19, 2017, the Court entered its Rule 16(a) Initial Order [ECF Doc. 30]. By text-only order of September 25, 2017, the Court stayed discovery pursuant to

1

L.U.Civ.R. 16(b)(3)(B) pending a decision "on the [MPD Defendants'] motion for [qualified] immunity."

2. In considering a 12(b)(6) Motion to Dismiss, a Court "may not generally go beyond the pleadings but should '…only test whether the claim has been adequately stated in the complaint.'" *Kirksey v. Am. Bankers Ins. Co.*, 114 F. Supp. 2d 526, 527 (S.D. Miss. 2000)(quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 at 298 (1990)). It is well-settled that only the complaint and the pleaded allegations are to be considered in reaching a decision on a Rule 12(b)(6) motion to dismiss. *See, e.g., Colle v. Brazos County*, 981 F. 2d 237, 243 (5th Cir. 1993). In their Response to the Butler Snow Defendants' Motion, the Mayfields refer back to the Amended Complaint and the sufficiency of their allegations in stating a claim.

3. However, in the Reply in support of their Motion to Dismiss, the Butler Snow Defendants improperly introduce new allegations and documents outside of those in the Amended Complaint. Under the applicable Rule and caselaw, the Court cannot consider these new allegations, nor can it on a Motion to Dismiss decide disputed questions of facts that these new allegations and documents raise. Furthermore, inasmuch as there has been no discovery, nor even a scheduling conference, the Butler Snow Defendants' Motion to Dismiss cannot in good faith reach outside the pleadings and introduce information that Plaintiffs have not had opportunity to access or question through discovery. Accordingly, the Court should strike those portions of the Butler Snow Defendants' Reply in support of their Motion to Dismiss so as to rely solely on the sufficiency of the allegations in the Mayfields' Amended Complaint in rendering its decision.

## ARGUMENT

**A.   The Butler Snow Defendants improperly ask the Court to consider new factual allegations outside of those alleged by Plaintiffs in the Amended Complaint.**

4.     Both consideration of facts outside the complaint and the resolution of factual disputes are improper for a Court to entertain in the context of a Rule 12(b)(6) motion to dismiss. *See Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011)(citing *Roe v. Texas Dep't of Protective and Regulatory Services*, 299 F.3d 395, 400 (5th Cir. 2002) and *Brown v. Nationsbank Corp.* 188 F.3d 579, 585-86 (5th Cir. 1999)). Because the Butler Snow Defendants' Reply asks the Court to do both, the Court should strike those portions of the Reply in deciding their Motion.

5.     The Butler Snow Defendants' Reply presents to the Court new factual allegations outside of the Amended Complaint. Specifically, at page 13 *et seq.*, the Butler Snow Defendants allege that "someone [not identified] committed a typographical error referencing an incorrect subsection of Section 43-47-19 on the first page of the Madison Police Department Incident Report and other documents from the files of the Madison police."  This factual allegation is not even hinted at in the Amended Complaint. There is no basis for it in anything alleged by the Mayfields or in any of the documents referred to in the Amended Complaint. Indeed, the Butler Snow Defendants offer no indication of where they got this factual allegation; it is, rather, at this juncture, an unsupported allegation that is improperly put before the Court in a Motion to Dismiss[1].

6.     Relying on this "typographical error" factual allegation pulled from somewhere outside of the Amended Complaint, the Butler Snow Defendants then proceed to contend that they had probable cause that Clayton Kelly and others had committed a crime under a Mississippi Code section that <u>was neither cited nor relied upon</u> by the Madison Police Department in any of their warrant applications <u>nor cited in any of the issued warrants</u>. According to the Butler Snow

---

[1] If the Butler Snow Defendants intend to assert this as an affirmative defense in answer to the Amended Complaint, it will be a disputed fact and the subject of discovery.

Defendants, the Madison Police's citation and reliance upon Mississippi Code § 43-47-19(3)—the statute cited and relied upon in the allegations of the Amended Complaint and the documents referenced by it--should have been § 43-47-19(2).  However, the Reply fails to (a) present any factual predicate within the pleadings for their allegation that there was a typographical error, or (b) present any factual support for probable cause under that section. Even if the Reply *had* presented either, that would further demonstrate why their Reply should be stricken; such new facts are not properly considered by the Court in reaching a decision on a motion to dismiss.

7.      Even assuming, *arguendo,* that Mississippi Code Ann. § 43-47-19(2) were to be considered, the Amended Complaint sets forth sufficient factual allegations for the Court to infer that the Butler Snow Defendants lacked probable cause to believe that the crime set forth in that subsection had been committed. That Code subsection requires a willful intent to commit an act that "results in neglect, physical pain, injury, mental anguish, unreasonable confinement or deprivation of services which are necessary to maintain the mental or physical health of a vulnerable person." As previously detailed by Plaintiffs' Memorandum in Support of their Response to the Butler Snow Defendants' Motion to Dismiss [ECF Dkt. 28], which is incorporated herein by reference, the Butler Snow Defendants had no evidence that Clayton Kelly or anyone else (including Mark Mayfield) had intentionally or willfully committed such acts. Similarly, the Madison Police warrant application affidavits presented no factual allegation to support probable cause that any such act had been committed.

8.      The Court should not consider the new facts related to the supposed "typographical error" in the statute cited as alleged by the Butler Snow Defendants in their Reply. Nor should it consider the arguments based thereon in Court's ruling on the subject motion to dismiss.  Those parts of the Butler Snow Defendants' Reply should be stricken.

**B.     The Butler Snow Defendants improperly ask the Court to consider records outside the Amended Complaint that are irrelevant and disputed.**

9.     The Butler Snow Reply further asks the Court to take judicial notice of two "Notice of Criminal Disposition" documents represented to be public records. However, it was not just the <u>existence</u> of the records that the Reply asked the Court to consider.[2] Rather, the Reply asks the Court to assume that the existence of those Notices decided many factual questions raised by the Notices. The first Notice [ECF 37-1] indicates that Clayton Kelly was charged with conspiracy to commit burglary of a dwelling, but it does not indicate what facts, if any, the prosecution relied upon to support the charge. As detailed in the Amended Complaint and Plaintiffs' previously-filed Response, the facts known from the Madison Police records provide ample reason to believe that the prosecution did <u>not</u> have any facts to support the charge; and this accords with the allegations of the Amended Complaint. The second Notice [ECF 37-2] is similar. The "facts" the Butler Snow Defendants would have the Court infer from these Notices are, in fact, <u>disputed</u>. Furthermore, even if considered, the Notices would give rise to yet even more factual questions that first would have to be resolved in the Defendants' favor before the Court could reach the conclusion that the Butler Snow Defendants make. This request for the Court to render a decision on disputed issues of fact is not a proper use of judicial notice in a Rule 12(b)(6) motion to dismiss setting.

10.     "On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)(quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3rd Cir. 1999)). A judicially noticed fact

---

[2] Plaintiffs dispute that there was any probable cause or other basis to arrest and prosecute the subject individuals with criminal charges in the referenced criminal proceedings; they do not dispute the existence of pleas entered by various individuals.

must be one <u>not subject to reasonable dispute</u> in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Rule 201(b), Federal Rules of Evidence. As explained above, the "facts" in the Notices (much less the conclusions that the Butler Snow Defendants actually ask the Court to draw from them) are very much subject to reasonable dispute.

11. Equally important, a guilty plea by Clayton Kelly or John Mary does not *post hoc* establish that the Butler Snow Defendants had probable cause to initiate criminal proceedings, despite their leap to that conclusion. Under Mississippi law, a court must look "to the facts reasonably available to each defendant at the time" in order to determine whether probable cause was lacking at the time of that defendant's conduct. *Strong v. Nicholson*, 580 So.2d 1288, 1294 (Miss.1991) (citing *Benjamin v. Hooper Elec. Supply Co.*, 568 So.2d 1182, 1190 (Miss.1990); *Royal Oil Co. v. Wells*, 500 So.2d 439, 443 (Miss.1986); *Owens v. Kroger Co.*, 430 So.2d 843, 846 (Miss.1983)). Section 1983 "should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions." *Malley v. Briggs*, 475 U.S. 335, 345 n. 7 (1986) (citing *Monroe v. Pape*, 365 U.S. 167, 187 (1961)).

12. A warrant issued by a magistrate does not *post hoc* establish probable cause for the applying officer in factual circumstances as alleged in this case. *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012); *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Nor does a grand jury indictment end a court's examination of facts to see if probable cause existed. *See Springfield v. Members 1st Community Federal Credit Union*, 106 So.3d 826 (Miss. App. 2012) and cases discussed therein. Likewise, a guilty plea does not foreclose the person who pled guilty from pursuing a Section 1983 claim and therein showing that the charges and plea did not implicate the lack of probable charge on the part of the arresting officers. *See Mackey v. Dickson*, 47 F.3d 744

6

(5th Cir. 1995)(citing *United States v. Wilson*, 732 F.2d 404, 410 (5th Cir. 1984); *Gerstein v. Pugh*, 420 U.S. 103 (1975); *Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886) and *Brown v. Edwards*, 721 F.2d 1442, 1448 (5th Cir.1984) ("[T]here is nothing necessarily inconsistent between the arrest being illegal and [the] conviction being proper.")).

13.  For all these reasons, the Court should not consider the Notices of Criminal Disposition documents submitted by the Butler Snow Defendants and should strike the part of the Reply based on the Notices.

## CONCLUSION

14.  The Butler Snow Defendants' Reply improperly seeks to have the Court consider alleged facts and documents outside of the Amended Complaint. Furthermore, it seeks to have the Court, in considering these allegations, accept the Butler Snow Defendants' version of factual disputes about the correctness of their asserted facts. The Court should strike from the Butler Snow Defendants' Reply those allegations and arguments that fall outside the Amended Complaint and their allegations and all arguments that would require the Court to resolve factual disputes at this procedurally improper juncture. The Court should specifically strike all portions of the Reply that assert and arguments which rely upon the assertion that references to Miss. Code Ann. Section 43-47-19 were typos and should have been 43-47-19(2). The Court should further strike from the Reply the "Notice[s] of Criminal Disposition" attached to the Reply and any argument that the existence of those Notices establish probable cause, as doing so would require resolving a factual dispute.

WHEREFORE, PREMISES CONSIDERED, Robin Mayfield, Owen Mayfield, William Mayfield, and the Estate of Mark Stevens Mayfield, Plaintiffs herein, respectfully request that the Court strike the aforementioned parts of the Reply submitted by Butler Snow LLP and Donald Clark, Jr.

Respectfully submitted, this, the 19th day of October, 2017.

/s/Julie C. Skipper
Dorsey R. Carson, Jr., Esq. (MSB #10493)
Julie C. Skipper, Esq. (MSB #101591)
Steve C. Thornton, Esq. (MSB #9216)
Attorneys for Plaintiffs
*Robin Mayfield, Owen Mayfield, William Mayfield, and The Estate of Mark Stevens Mayfield*

**OF COUNSEL:**

CARSON LAW GROUP, PLLC
Capital Towers, Suite 1336
Jackson, MS 39201
Telephone: 601.351.9831
Facsimile: 601.510.9056
Email: dcarson@thecarsonlawgroup.com
Email: jskipper@thecarsonlawgroup.com

-and-

THORNTON LAW FIRM
P.O. Box 16465
Jackson, MS 39236
Telephone: 601.982.0313
Facsimile: 601.957.6554
Email: mail@lawlives.com

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

This the 19th day of October, 2017.

*/s/ Julie C. Skipper*
OF COUNSEL