IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ROBIN MAYFIELD, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION  3:17-CV-514-CWR-FKB |
| v. ) | |
| ) | |
| BUTLER SNOW LLP, et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' SUR-REPLY IN RESPONSE TO MOTION TO DISMISS**

Robin Mayfield, Owen Mayfield, William Mayfield, and the Estate of Mark Stevens Mayfield (the "Mayfields" or "Plaintiffs") file this Sur-reply in Response to the Butler Snow Defendants' Reply in Support of Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [ECF Doc. 37] (the "Reply"):

1. At page 13 *et seq.* of their Reply, the Butler Snow Defendants allege, "[S]omeone committed a typographical error referencing an incorrect subsection of Section 43-47-19 on the first page of the Madison Police Department Incident Report and other documents from the files of the Madison police." There is no basis for this in anything alleged or in any of the documents referred to in the Amended Complaint (hereinafter, the "Complaint"). It is improperly before the Court in a Motion to Dismiss[1].

2. Relying on their new "typographical error" allegation, the Butler Snow Defendants contend they had probable cause that Clayton Kelly and others had committed a crime under a Mississippi Code section that <u>was neither cited nor relied upon</u> by the Madison Police Department in any of their warrant applications <u>nor cited in any of the issued warrants</u>. According to the Butler

---

[1] If the Butler Snow Defendants assert this as an affirmative defense in answer to the Complaint, it will be a disputed fact and the subject of discovery.

Snow Defendants, the Madison Police's citation and reliance should have been to § 43-47-19(2), instead of 43-41-19(3). Nowhere in any of the documents referenced in the Complaint does subsection (2) appear, <u>nor did the MPD Defendants make such a contention in their Motion to Dismiss</u>.

3. Even if Miss. Code Ann. § 43-47-19(2) were considered, the Complaint alleges sufficient factual allegations.[2] As previously detailed by [ECF Doc. 28], incorporated here by reference, the Butler Snow Defendants had no evidence that Clayton Kelly or anyone else (including Mark Mayfield) intentionally or willfully committed such acts. Nor did the Madison Police warrant application affidavits present any factual allegation to support probable cause that any such act had been committed.

4. If considered, this new allegation actually supports inclusion of the Butler Snow Defendants in this lawsuit. How would the Butler Snow Defendants know whether the MPD Defendants intended to reference code section 42-47-19(2)? The inference supports Plaintiffs' allegations that they participated in conspiracy with the State Actor Defendants.

5. As to the "Notice of Criminal Disposition" documents, the Reply improperly asks the Court to assume the answer to factual questions raised by the Notices. The first [ECF 37-1] indicates Clayton Kelly was charged with conspiracy to commit burglary of a dwelling, but does not indicate what facts, if any, the prosecution relied upon to support the charge. As detailed in the Complaint and Plaintiffs' previously-filed Response, the facts known from the Madison Police records provide ample reason to believe that the prosecution did <u>not</u> have any facts to support the charge. The second [ECF 37-2] is similar. The "facts" the Butler Snow Defendants ask the Court

---

[2] That Code subsection requires willful intent to commit an act that "results in neglect, physical pain, injury, mental anguish, unreasonable confinement or deprivation of services which are necessary to maintain the mental or physical health of a vulnerable person."

2

to infer from the Notices are <u>disputed</u>.  Asking the Court to render a decision on disputed questions of fact is improper in a Rule 12(b)(6) motion to dismiss[3].

6. A judicially noticed fact must be one <u>not subject to reasonable dispute</u> in that it is either (a) generally known within the territorial jurisdiction of the trial court or (b) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.[4] The "facts" in the Notices (and much more so the conclusions that the Butler Snow Defendants ask the Court to draw from them) are subject to reasonable dispute.

7. A guilty plea by Kelly or Mary does not establish that the Butler Snow Defendants had probable cause to initiate criminal proceedings. A court must look "to the facts reasonably available to each defendant at the time" in order to determine whether probable cause was lacking at the time of that defendant's conduct.[5] Section 1983 "should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions."[6]

8. Nor does a warrant issued by a magistrate judge establish probable cause for the applying officer in factual circumstances as alleged in this case.[7] Indeed, not even a grand jury indictment ends a court's examination of facts to see if probable cause existed.[8] Likewise, a guilty plea does not foreclose the person who pled guilty from pursuing a Section 1983 claim and therein

---

[3] "On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)(quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3rd Cir. 1999)).

[4] Rule 201(b), Federal Rules of Evidence.

[5] *Strong v. Nicholson*, 580 So.2d 1288, 1294 (Miss.1991) (citing *Benjamin v. Hooper Elec. Supply Co.*, 568 So.2d 1182, 1190 (Miss.1990); *Royal Oil Co. v. Wells*, 500 So.2d 439, 443 (Miss.1986); *Owens v. Kroger Co.*, 430 So.2d 843, 846 (Miss.1983)).

[6] *Malley v. Briggs*, 475 U.S. 335, 345 n. 7 (1986) (citing *Monroe v. Pape*, 365 U.S. 167, 187 (1961)).

[7] *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012); *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

[8] *See* **Error! Main Document Only.***Springfield v. Members 1st Community Federal Credit Union*, 106 So.3d 826 (Miss. App. 2012).

showing that the charges and plea did not implicate the lack of probable charge on the part of the arresting officers.[9]

WHEREFORE, PREMISES CONSIDERED, Robin Mayfield, Owen Mayfield, William Mayfield, and the Estate of Mark Stevens Mayfield, Plaintiffs herein, respectfully request that the Court disregard the aforementioned parts of the Reply submitted by Butler Snow LLP and Donald Clark, Jr. in ruling on their Motion to Dismiss, and DENY the Butler Snow Defendants' Motion to Dismiss.

Respectfully submitted, this, the 26th day of October, 2017.

> /s/Julie C. Skipper
> Dorsey R. Carson, Jr., Esq. (MSB #10493)
> Julie C. Skipper, Esq. (MSB #101591)
> Steve C. Thornton, Esq. (MSB #9216)
> Attorneys for Plaintiffs
> *Robin Mayfield, Owen Mayfield, William Mayfield, and The Estate of Mark Stevens Mayfield*

**OF COUNSEL:**

CARSON LAW GROUP, PLLC
Capital Towers, Suite 1336
Jackson, MS 39201
Telephone: 601.351.9831
Facsimile: 601.510.9056
Email: dcarson@thecarsonlawgroup.com
Email: jskipper@thecarsonlawgroup.com

-and-

THORNTON LAW FIRM
P.O. Box 16465
Jackson, MS 39236
Telephone: 601.982.0313

---

[9] *See Mackey v. Dickson*, 47 F.3d 744 (5th Cir. 1995)(citing *United States v. Wilson*, 732 F.2d 404, 410 (5th Cir. 1984); *Gerstein v. Pugh*, 420 U.S. 103 (1975); *Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886) and *Brown v. Edwards*, 721 F.2d 1442, 1448 (5th Cir.1984) ("[T]here is nothing necessarily inconsistent between the arrest being illegal and [the] conviction being proper.")).

Facsimile: 601.957.6554
Email: mail@lawlives.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

This the 26th day of October, 2017.

>*/s/ Julie C. Skipper*
>OF COUNSEL