# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| ROBIN MAYFIELD, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO.: 3:17-CV-514-CWR-FKB |
| v. | ) |
| | ) |
| BUTLER SNOW LLP, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFFS' MOTION FOR DISCOVERY

COME NOW Plaintiffs Robin Mayfield, Owen Mayfield, William Mayfield, and the Estate of Mark Stevens Mayfield (collectively, the "Plaintiffs" or "Mayfields"), by and through counsel, and respectfully move this court for entry of an Order lifting the stay of discovery pending a decision on the motion for immunity filed by Gene Waldrop, Vickie Currie, and Chuck Harrison, to reset a telephonic case management conference, for entry of a scheduling order for discovery on the issue of qualified immunity, and for entry of a scheduling order for discovery on the claims not subject to qualified immunity, and in support thereof would state:

1. The Plaintiffs initiated this action by filing their Complaint on June 27, 2017. [Doc. 1]. On July 21, 2017, they filed their First Amended Complaint. [Doc. 6].

2. All Defendants have filed Motions to Dismiss. Plaintiffs have responded to all of the Motions to Dismiss.

3. On September 19, 2017, the Court entered its Rule 16(a) Initial Order [Doc. 30].

4. On September 25, 2017, Mr. Steven Griffin, counsel for Defendants Gene Waldrop, Vickie Currie, and Chuck Harrison (the "MPD Defendants") submitted to the Court via email a proposed order staying the case, citing the requirements of L.U.Civ.R. 16(b)(3)(C). The same day,

the Court entered a text-only order staying discovery pursuant to L.U.Civ.R. 16(b)(3)(B) pending a decision "on the motion for immunity," and cancelling the telephonic case management conference.

5. The qualified immunity defense does not apply to all of the Defendants. It is only in their individual capacities that Mary Hawkins-Butler ("Hawkins-Butler"), Waldrop, Currie and Harrison may assert the qualified immunity defense.

6. Discovery in this case should be allowed to go forward against the Butler Snow Defendants, the City of Madison, and Richard Wilbourn III. Plaintiffs' claims against them are not contingent upon the outcome of any decision by the Court on qualified immunity.

7. Additionally, even if the MPD Defendants and/or Hawkins-Butler in their individual capacities were entitled to qualified immunity, the other Defendants as well as the MPD Defendants and Hawkins-Butler in their official capacities could still be liable.

8. Neither the civil rules nor Fifth Circuit case law requires a global stay in this case. The local rules expressly recognize that the decisions of (a) whether to permit discovery on issues related to the motion for qualified immunity and (b) whether to permit any portion of the case to proceed pending resolution of the motion are committed to the discretion of the court.

9. Additionally, because the MPD Defendants and Hawkins-Butler are "front and center" in all of the claims of the case as fact witnesses, they will have to participate in discovery--whether as party or witness--regardless of the outcome of their claims to qualified immunity.

10. Furthermore, the local rules and Fifth Circuit law allow for discovery on the issue of qualified immunity itself to the extent that additional facts can clarify for the Court whether or not the doctrine applies.

11. The Court should lift the stay entered in its text order of September 25, 2017, to allow for a telephonic case management conference, and for discovery as to the claims not subject to qualified immunity, and for discovery from the MPD Defendants in their individual capacities and Mary Hawkins-Butler in her individual capacity on the issue of qualified immunity.

12. This Motion is further supported by the accompanying Memorandum in Support, which more fully describes the facts, law, and arguments that support the Motion.

WHEREFORE, PREMISES CONSIDERED, Robin Mayfield, William Mayfield, Owen Mayfield, and the Estate of Mark Mayfield, Plaintiffs herein, respectfully request that the Court enter an Order lifting the stay of discovery pending a decision on the motion for qualified immunity filed by the MPD Defendants and reset a telephonic case management conference, for entry of a scheduling order for discovery on the issue of qualified immunity, and for entry of a scheduling order for discovery on the claims not subject to qualified immunity, and for such other relief as the Court deems proper.

Respectfully submitted this, the 26th day of October, 2017.

/s/Dorsey R. Carson, Jr.
Dorsey R. Carson, Jr., Esq. (MSB #10493)
Julie C. Skipper, Esq. (MSB #101591)
Steve C. Thornton, Esq. (MSB #9216)
Attorneys for Plaintiffs
*Robin Mayfield, Owen Mayfield, William Mayfield, and The Estate of Mark Stevens Mayfield*

**OF COUNSEL:**

CARSON LAW GROUP, PLLC
Capital Towers, Suite 1336
Jackson, MS 39201
Telephone: 601.351.9831
Facsimile: 601.510.9056
Email: dcarson@thecarsonlawgroup.com
　　　　jskipper@thecarsonlawgroup.com

-and-

THORNTON LAW FIRM
P.O. Box 16465
Jackson, MS 39236
Telephone: 601.982.0313
Facsimile: 601.957.6554
Email: mail@lawlives.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

This the 26th day of October, 2017.

*/s/ Dorsey R. Carson, Jr.*
OF COUNSEL
