**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ROBIN MAYFIELD, et al.**                                              **PLAINTIFFS**

**V.**                                              **CIVIL ACTION NO. 3:17cv514-CWR-FKB**

**BUTLER SNOW LLP, et al.**                                              **DEFENDANTS**

**RESPONSE TO PLAINTIFFS' MOTION FOR DISCOVERY**

**INTRODUCTION**

Plaintiffs seek to lift the stay imposed by Local Rule 16(b)(3), to allow them either to conduct discovery on facts related to the qualified immunity defense; or conduct piecemeal discovery as to some, but not all, of the claims. The Court should deny Plaintiffs' Motion because it asks the Court to depart from the Local Rules without any good reason, and because it would produce an inefficient procedure. Discovery is properly stayed and should remain so until the Court resolves the pending Rule 12 motions.

**BACKGROUND**

This case arises out of events in the 2014 Republican Senate primary that occurred more than three years ago. Plaintiffs filed the original Complaint on the three-year anniversary of Mark Mayfield's suicide. All Defendants immediately moved for dismissal under Federal Rule of Civil Procedure 12, for a variety of reasons. The Butler Snow Defendants limited their own Motion to the most obvious, straightforward deficiency in Plaintiffs' pleading: it is not wrong, and certainly not actionably wrong, to report conduct to the authorities that may constitute a crime. The Butler Snow Defendants' Motion is now fully briefed and awaits a ruling, as are the other Defendants' motions.

Discovery is stayed because the Defendants who occupy public positions (the Madison authorities) asserted their qualified immunity, thus triggering Local Rule 16(b)(3)'s automatic stay of "all discovery."

Having waited until or beyond the end of the longest potentially-applicable limitations period to take legal action,[1] Plaintiffs now insist that they cannot wait a few more weeks—to give the Court enough time to decide the pending motions—before they conduct discovery. They contend that they should be allowed to conduct discovery on just the claims against Butler Snow and Richard Wilbourn (as private actors), or on just the claims against the Madison authorities (in their official capacity but not in their individual capacity), or just with respect to the qualified immunity defense itself.

Although Plaintiffs note that it is in the Court's "discretion," to lift the stay, their argument falls far short of explaining why the Court should exercise that discretion so as to allow discovery to proceed. They fail to justify what facts they need to discover right now or enunciate any fact that supports the exercise of discretion to depart from Local Rule 16(b)(3)'s automatic stay.

## ARGUMENT

Once an immunity defense is asserted, the default rule is to stay activity in the case pending the district court's decision:

> Filing a . . . motion asserting an immunity defense . . . stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief.

---

[1] As the Butler Snow Defendants noted in their primary brief, Plaintiffs' claims are time-barred. ECF Doc. 16, n.5. If necessary, the Butler Snow Defendants will pursue that defense in later pleadings and motions.

L.U.C.R. 16(b)(3)(B).  This is the default legal rule applicable to this case, which exists to promote the efficient use of judicial resources in cases where qualified immunity is at stake. Plaintiffs provide no valid basis to depart from the Rule, and the procedure Plaintiffs suggest would promote needless inefficiency.

I.    **Plaintiffs Do Not Identify any Fact They Need to Discover to Address the Pending Motions to Dismiss.**

The Local Rule quoted above codifies existing federal practice in the Fifth Circuit.  When any defendant asserts qualified immunity, a stay of all discovery is mandatory unless [1] a defendant files a motion that "turns . . . on a factual question; [or] [2] when the district court is unable to rule on the immunity defense without further clarification of the facts."  *Lion Boulos v. Wilson*, 834 F.2d 504, 507–08 (5th Cir. 1987).  Even then, any discovery allowed should be "narrowly tailored to uncover only those facts needed to rule on the immunity claim."  *Id.* "Discovery designed to flesh out the merits of a plaintiff's claim before a ruling on the immunity defense" is impermissible because it falls outside of these parameters.  *Id.*; *see also Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); *Bryant v. Mississippi Div. of Medicaid*, No. 4:13-CV-00123-DMB-SA, 2014 WL 6679169, at *5 (N.D. Miss. Nov. 25, 2014); *Robinson v. Saucier*, No. 1:10CV556-HSO-JMR, 2014 WL 1976583, at *2 (S.D. Miss. May 15, 2014).

Plaintiffs do not identify a single fact outside of the pleadings—or outside the limited universe of documents of which the Court can take notice as if they were part of the pleadings, *see* ECF Doc. 16, n.2—that the Court needs to resolve the pending motions to dismiss, nor any fact that needs clarification in order to test the legal merit of their Amended Complaint.  Instead, Plaintiffs say that "*[t]o the extent* the qualified immunity claims here turn on a factual question" and "*if the Court determines* that clarification of additional facts are needed," then they will be glad to conduct discovery.  ECF Doc. 49 at 12 (emphasis added).  These conditional statements

fall far short of carrying the burden that Plaintiffs, as movants, bear to demonstrate that they are entitled to lift the stay.  The Court can, and should, decide the case on the allegations in the Amended Complaint and the limited material outside the pleadings whose consideration Rule 12 permits.

What Plaintiffs intend—as shown by their asking for discovery against both (1) the Butler Snow Defendants and Wilbourn and (2) against the Madison authorities in their individual capacities—is to conduct discovery on the ***merits*** of their claims.  That is exactly what the law forbids.  Plaintiffs' Motion is a transparent plea to depart from the Local Rules and the precedent on which those Rules are based.

## II.    Plaintiffs Do Not Identify Any Legal Basis for Departing from the Local Rules.

Plaintiffs principally rely on two cases to support their argument: *Stark v. University of Southern Mississippi* and *Harris v. City of Balch Springs*.  Plaintiffs badly misconstrue the holdings in those cases, neither of which supports the relief they seek:

In *Stark*, a defendant filed a motion to dismiss under Rule 12 *and* a motion for summary judgment under Rule 56, both raising qualified immunity.  No. 2:13CV31-KS-MTP, 2013 WL 5563767, at *3-4 (S.D. Miss. Oct. 8, 2013).  The plaintiff sought discovery to resist the summary judgment motion.  *Id.*  A review of the docket in *Stark* shows that the defendant waived its rights under Local Rule 16(b)(3).  *See* Docket in *Stark v. Univ. of S. Miss.* (Case No. 2:13-cv-00031-KS-MTP), attached as Ex. A.  The defendant submitted to a scheduling order and many months of discovery before filing a dispositive motion.  *Id.*

The *Stark* court allowed the plaintiff to conduct more discovery before deciding the summary judgment motion.  The court reasoned that (a) the "intertwined and interrelated nature" of the defendant's Rule 12 and Rule 56 arguments meant that the motion turned on facts beyond

the pleadings, including "deposition testimony" already taken; and (b) the defendant had "engaged in significant discovery," including propounding interrogatories, three sets of requests for production, one set of requests for admission, and taking a deposition, which lessened any claim that it would prejudice the defendant's rights to submit to discovery.  2013 WL 5563767, at *4-6.  Notably, as to another defendant in the case—who had filed only a Rule 12 motion, and not a Rule 56 motion—the court ordered that no discovery was permitted.  *Id.*

Here, unlike *Stark*, no Defendant has submitted to discovery and waived the protections of Local Rule 16(b)(3).  Nor has any Defendant conducted extensive discovery of its own or filed a motion for summary judgment under Rule 56, which necessarily turns on facts.  There is no basis for treating the Defendants in this case like the defendant in *Stark*.

In *Harris*, the court acknowledged that the assertion of the qualified immunity defense ordinarily stays all discovery, but reasoned that that was no longer an overriding concern because the court had already denied the defendant's motion to dismiss that raised immunity.  33 F. Supp. 3d 730, 732 (N.D. Tex. 2014).  The court allowed discovery even while the defendant appealed the denial of qualified immunity.[2]

The parties in this case are much differently situated than the defendant in *Harris*.  To begin, the Northern District of Texas, which decided *Harris*, does not have the same local rules.  Further, whereas the *Harris* court already had denied a motion to dismiss, this Court has not yet considered the Defendants' motions.  The Defendants here are entitled to at least the protection the defendant received in *Harris* (a stay of discovery until the Court rules on the motions to

---

[2] The *Stark* case later resulted in a similar ruling.  After the court denied the second defendant's motion to dismiss that raised qualified immunity, the court then permitted discovery on all claims.  *Stark v. Univ. of S. Miss.*, No. 2:13CV31-KS-MTP, 2014 WL 1342973, at *2-3 (S.D. Miss. Apr. 3, 2014).

dismiss) and possibly more (a stay pending an appeal, if necessary, given that the Local Rule here provides for that also).

### III.   Ordering Piecemeal Discovery Would Be Inefficient.

Plaintiffs' Motion, in effect, seeks to allow unfettered discovery on the merits of Plaintiffs' claims.  But Plaintiffs also suggest, in various places, that perhaps they can conduct discovery on just a few parties or claims, but not all.[3]  Conducting discovery only as to *some* Defendants or only as to *some* claims is unrealistic and inefficient, at best.  Numerous courts recognize that cases should be discovered as a whole, not piecemeal, whenever possible.[4]

It simply makes no sense for the parties and the Court to craft and execute a discovery plan without having a sense of the case's actual scope.  It would require the parties to make a shot in the dark when drafting their respective written discovery requests, in deposing witnesses, and in gathering documents—and could result in duplication of all of these tasks at some point, depending on the Court's resolution of the pending motions.  The Court may grant all of the motions to dismiss, in which case no discovery will ever be required.  And even if the Court does

---

[3] In part, Plaintiffs' suggestion is based on the assumption that the Butler Snow Defendants do not possess any immunity.  The Butler Snow Defendants reserve any arguments related to immunity for later pleadings and motions.

[4] *See, e.g., Am. News & Info. Serv., Inc. v. Gore*, No. 12CV2186-BEN KSC, 2015 WL 1403641, at *2 (S.D. Cal. Mar. 26, 2015) ("Since a motion to dismiss is now pending before the District Court, discovery at this point would be inefficient and ineffective, as one of the three causes of action may be dismissed, and some of the parties may be excused from the litigation."); *State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, No. 12-CV-11500, 2014 WL 10294813, at *5 (E.D. Mich. Apr. 24, 2014) ("At any rate, to grant State Farm's instant motion, this Court would essentially have to rule that the Clinic Defendants should have taken discovery on claims and patients when there was no assurance that those claims and patients would ultimately be part of an amended complaint; such a ruling would countenance an inefficient and unfair approach to discovery."); *Sec. & Exch. Comm'n v. Heart Tronics, Inc.*, No. SACV111962JVSANX, 2013 WL 12209968, at *2 (C.D. Cal. Apr. 15, 2013) ("Moreover, because of the potential for piecemeal discovery, the interests of judicial economy and case management weigh in favor of continuing the stay as to all claims."); *Apsley v. Boeing Co.*, No. 05-1368-EFM, 2012 WL 415458, at *1 (D. Kan. Feb. 9, 2012) ("The court is persuaded that discovery should not proceed on the remaining individual claims pending rulings by the Tenth Circuit because a piecemeal approach to the individual claims at this time would be inefficient and counterproductive.").

not grant every motion to dismiss, it may dismiss some of the defendants, and they should not be burdened by a discovery requirement.  Finally, if the Court does not grant one or more motions, the Court's rulings may identify the few issues, if any, that are really in dispute.  That would allow any remaining parties to limit any discovery to those matters.

There is no reason for the inefficiency for which Plaintiffs advocate.  Plaintiffs have not articulated any way in which they will be prejudiced by awaiting the Court's decision on the Rule 12 motions before moving forward with discovery.  They waited three years from Mark Mayfield's death to file this lawsuit.  Now, unexplainably, Plaintiffs insist that they must have discovery right away, even though all Defendants' Rule 12 motions are fully briefed.  The Court can consider the purely legal issues raised in those motions and make a prompt determination; Plaintiffs will hardly be prejudiced by waiting in the short meantime.

## IV.    The Rule 12 Motions Are Reason Enough for a Stay, Irrespective of Qualified Immunity.

Had the Madison authorities not asserted their qualified immunity, the Butler Snow Defendants would have moved to stay discovery anyway.  "It is not uncommon to stay discovery pending a decision on a motion to dismiss."  *Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 593 F. App'x 265, 274 (5th Cir. 2014) (citing *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007)).  Courts commonly stay discovery when faced with Rule 12 motions because "(1) such motions are decided based on the content of the complaint only, without regard to facts obtained during discovery; and (2) the motion, if granted, would dispose of the case, thus avoiding the effort and expense of discovery."  *Dowdy & Dowdy P'ship v. Arbitron Inc.*, No. 2:09CV253 KS-MTP, 2010 WL 3893915, at *1 (S.D. Miss. Sept. 30, 2010) (citing *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 435–36 (5th Cir.1990)); *accord McAlpin v. Am.*

*Hardwoods Indus., LLC*, No. 115CV00162GHDDAS, 2016 WL 1084139, at *2 (N.D. Miss. Mar. 17, 2016) (collecting cases).

Putting aside the immunity defenses, a stay would still be appropriate in this case. The Butler Snow Defendants have moved to dismiss Plaintiffs' entire case, and have done so based on the content of the Amended Complaint, not on facts that require discovery. The Motion, if granted, would dispose of the entire case, avoiding the effort and expense of discovery. As such, it makes sense to rule on the Butler Snow Defendants' Rule 12 motion before subjecting the Butler Snow Defendants to discovery. The Court has the authority to do that, regardless of the Court's view of the qualified immunity defense.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion.

RESPECTFULLY SUBMITTED THIS 6th day of November, 2017.

/s/ Alan W. Perry
Alan W. Perry (MB No. 4127)
Stephen L. Thomas (MB No. 8309)
Simon Bailey (MB No. 103925)
Bradley Arant Boult Cummings LLP
Suite 450, One Jackson Place
188 East Capitol Street
Post Office Box 1789
Jackson, MS 39215-1789
Phone: (601) 948-8000
Facsimile: (601) 948-3000
sthomas@bradley.com
aperry@bradley.com
sbailey@bradley.com

*Counsel for Butler Snow LLP and Donald Clark, Jr.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 6, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

<u>/s/ Alan W. Perry</u>
Alan W. Perry