# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**ROBIN MAYFIELD, ET AL.**                                                                  **PLAINTIFFS**

**V.**                                              **CAUSE NO. 3:17-CV-514-CWR-FKB**

**BUTLER SNOW LLP, ET AL.**                                                    **DEFENDANTS**

## ORDER

Before the Court is the plaintiffs' motion for discovery. For the reasons that follow, the motion will be granted in part and denied in part.

## I. Factual and Procedural History

Robin Mayfield and her sons assert wrongful death, § 1983, civil conspiracy, negligent infliction of emotional distress, and similar causes of action against Butler Snow LLP, Donald Clark Jr., the City of Madison, Madison Mayor Mary Hawkins-Butler, Madison Chief of Police Gene Waldrop, Madison Police Officer Chuck Harrison, Madison Police Officer Vickie Currie, and Richard Wilbourn III. All of the defendants have moved to dismiss. The briefing is nearly complete.

In an ordinary case, the Magistrate Judge would have held a Case Management Conference (CMC) and charted a course for discovery. This suit was headed down that path; a CMC was scheduled for October 10, 2017. *See* Fed. R. Civ. P. 16(b)(2) ("The judge must issue the scheduling order as soon as practicable . . . .").

The ordinary became extraordinary when the four state officials sued in their individual capacities (Hawkins-Butler, Waldrop, Harrison, and Currie) raised the defense of qualified immunity in their motions to dismiss. Their invocation triggered Local Rule 16(b)(3)(B). The Rule states:

> Filing a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief.

As a result, the CMC was canceled and all discovery was automatically stayed. No separate motion to stay had been docketed or argued.

Aggrieved, the plaintiffs filed the present motion. They contend that Local Rule 16 is overbroad and ask the Court to exercise its discretion to permit discovery. The defendants see it differently. With the parties having argued their positions at a hearing on November 15, 2017, the dispute is ripe for resolution.

## II.     Law

The parties find themselves between two principles of law. The first holds that a stay pending resolution of a motion to dismiss "is the exception rather than the rule. As one court observed, 'had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.'" *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, No. 3-08-CV-774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008) (citations and brackets omitted); *see also Nken v. Holder*, 556 U.S. 418, 427 (2009) ("A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result . . . ."). This supports the plaintiffs' contention that Local Rule 16 is overbroad.

The second principle cuts the other way. It holds that "[q]ualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions. When properly applied, it protects all but the plainly incompetent or those who

2

knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quotation marks and citation omitted). The sheer breadth of qualified immunity counsels against opening discovery.

Local Rule 16 attempts to strike a balance between these principles. It has not always succeeded, *see Thornton v. Blake*, No. 3:08-CV-775-HTW-LRA, 2009 WL 5064753, at *1 (S.D. Miss. Dec. 16, 2009) (noting tension between the Rule and Fifth Circuit precedent), and has been the subject of controversy and revision. But any discussion of the Rule—especially in a case as complex as this—must begin with an appreciation of these foundational legal principles.

**III.    Discussion**

    **A.    Individual-Capacity Defendants**

The analysis starts with the claims against Hawkins-Butler, Waldrop, Harrison, and Currie.

"One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citation omitted). In this circuit, therefore, plaintiffs may not seek discovery from defendants who invoke qualified immunity unless the court determines that the plaintiffs have stated a claim sufficient to overcome qualified immunity.[1] *See Rynearson v. United States*, 601 F. App'x 302, 306 (5th Cir. 2015).

Here, that means the plaintiffs may not seek discovery from Hawkins-Butler, Waldrop, Harrison, and Currie, since there has been no ruling on the qualified immunity argument raised in their motions to dismiss. *See id.*

The plaintiffs press that they should be permitted discovery from the individual-capacity defendants because the complaint asserts causes of action where qualified immunity is

---

[1] This reveals one of the problems with Local Rule 16. Under the Rule, the court has "discretion" to permit qualified immunity-related discovery before adjudicating a motion to dismiss. Fifth Circuit precedent says otherwise.

inapplicable, such as civil conspiracy and negligent infliction of emotional distress. The Fifth Circuit has blessed this kind of 'claim-by-claim' approach to immunity. In *Alice L. v. Dusek*, for example, it held that a district court could compel a defendant to produce documents and answer interrogatories "on claims for which she does not or cannot assert qualified immunity," despite her invocation of qualified immunity on other, distinct claims. 492 F.3d 563, 565 (5th Cir. 2007).

Litigants in this district have occasionally overlooked this precedent. In one case, the State of Mississippi argued that Eleventh Amendment immunity as to one cause of action justified staying discovery even as to unchallenged counts—counts on which discovery was inevitable. *Troupe v. Barbour*, No. 3:10-CV-153, Docket No. 35 at 3 (S.D. Miss. July 30, 2010). The argument was never resolved, and the automatic stay remained in place for more than six years. Meanwhile, litigants in other cases struggled (and also failed) to resolve the same issue. *E.g.*, *Cruz v. Miss. Dep't of Human Servs.*, 9 F. Supp. 3d 668, 687 (S.D. Miss. 2014).

They are not alone. The Supreme Court and the Fifth Circuit have long labored over "the practical difficulties of qualified immunity." *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995) (en banc) (collecting cases). The claim-by-claim approach is just one such difficulty. Today's individual defendants endeavor to dismiss the plaintiffs' state tort claims but have no qualified immunity defense to them. At the same time, plaintiffs should not be permitted to circumvent the protections of qualified immunity merely by adding state tort allegations to their federal theories of recovery. *E.g.*, *Pree v. Washington Cty. Bd. of Supervisors*, No. 4:16-CV-122-SA-SAA, Docket No. 14 (N.D. Miss. June 27, 2016) (allowing discovery against individual government officers because the plaintiffs also asserted state-law and official-capacity claims).

The undersigned has struggled with this issue. There is a risk of arbitrariness—or at least, a perception of arbitrariness—in balancing the parties' rights. In the midst of that struggle,

though, the Court is persuaded that no discovery should be taken from the individual-capacity defendants until their motions to dismiss are resolved. It is not clear how qualified immunity would be honored by permitting its circumvention in the manner the plaintiffs suggest. The automatic stay will remain in place as to these defendants.

## B. Official-Capacity Defendants

That brings us to the claims against the City of Madison. These claims are captioned in two ways: not only is the City a named defendant, but the plaintiffs sued Hawkins-Butler, Waldrop, Harrison, and Currie "in their official capacities." These claims merge into one *Monell* cause of action against the City.

Here again precedent is instructive. In this circuit, a district court errs when it stays discovery into a *Monell* claim simply because an individual official has invoked qualified immunity. The Fifth Circuit has reasoned as follows:

> The magistrate entered an order preventing discovery by [the plaintiff] because of the pendency of claims for qualified immunity. Insofar as this order stymied the development of any case [the plaintiff] may have against Dallas County, it is reversed. The protection of government officials who are entitled to immunity does not *ipso facto* disable a plaintiff from conducting all discovery against all non-immune defendants in his case.

*Martin v. Dallas Cty., Tex.*, 822 F.2d 553, 555–56 (5th Cir. 1987). The plaintiffs may proceed with discovery against the City.

The Court must nevertheless reject the plaintiffs' contention that discovery into official-capacity claims allows them to depose all of the individual defendants. Harrison and Currie shall not be deposed. Hawkins-Butler or Waldrop may be deposed if one of them is determined to be the City's final policymaker on law enforcement issues. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988). The plaintiffs shall proceed with caution.

### C. Private Defendants

What remains is whether discovery may commence on the plaintiffs' claims against Butler Snow, Donald Clark, and Richard Wilbourn. These defendants lean on Local Rule 16. The Rule, however, is designed to protect persons with immunity defenses. These defendants do not have immunity defenses.

The above precedent is (again) illustrative. Trial courts are expected to compartmentalize and then *proceed* to hear certain claims against the state, notwithstanding the many rights and defenses of the sovereign. *See Martin*, 822 F.2d at 555–56. It is difficult to see how private actors and entities have any greater rights. Ordinary defendants must participate in the ordinary process of litigation.

Accordingly, the plaintiffs may proceed with discovery as to the private defendants.

### IV. Conclusion

The undersigned appreciates the importance of this case to the parties. It will rule promptly on the pending motions to dismiss, recognizing that delay benefits no one. Until then, discovery shall proceed as outlined above. The appropriate parties shall contact the chambers of the Magistrate Judge to set up a CMC.

**SO ORDERED**, this the 21st day of November, 2017.

                                                  s/ Carlton W. Reeves
                                                  UNITED STATES DISTRICT JUDGE