**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ROBIN MAYFIELD, et al.**                                                 **PLAINTIFFS**

**V.**                                          **CIVIL ACTION NO. 3:17cv514-CWR-FKB**

**BUTLER SNOW LLP, et al.**                                          **DEFENDANTS**

**PRELIMINARY RESPONSE OF BUTLER SNOW DEFENDANTS TO
PLAINTIFFS' MOTION TO NOTICE DEPOSITION OF THAD COCHRAN**

The Butler Snow Defendants submit this preliminary response to the Plaintiffs' Motion to Notice Deposition of Thad Cochran.

Because the Butler Snow Defendants previously represented Senator Cochran's family in the matter out of which this suit arises, we notified the Senator of this Motion to allow him to make appropriate arrangements for separate counsel.

We are informed that Senator Cochran has retained counsel, and observe that his counsel has filed a motion for leave to respond to the request that he be deposed. *See* ECF Doc. 69.

We anticipate that when filed the Senator's response to the request for this early deposition will explain some of the reasons, from the Senator's perspective, why he should not be deposed at this time and/or why the scope of the deposition should be limited.

While the Butler Snow Defendants also have concerns as to whether it is necessary to conduct the proposed deposition at this time, those concerns depend—in large part but not exclusively—on matters within the knowledge of Senator Cochran and his lawyers, and not within the knowledge of the Butler Snow Defendants. For example, there are few if any admissible facts in the Plaintiffs' Motion that show a necessity to take this deposition during the

1

Court-ordered period of document-only discovery. The actual facts relating to that issue are largely known to Senator Cochran and his attorneys, but not to the Butler Snow Defendants.

The Butler Snow Defendants have related but separate reasons why no witness should be deposed during the Court-ordered period of document-only discovery.

Moreover, the Butler Snow Defendants have grave concerns as to the scope of the deposition, if any deposition is permitted. The Plaintiffs' Complaint is so broad—rambling at length on political campaigns and alleged political connections that are irrelevant or provable, if relevant, by witnesses other than Senator Cochran—that neither the Senator nor anyone else should be taxed at this early stage of the case by giving testimony on those issues. This is particularly so in light of pending Rule 12 motions that could eliminate or narrow the case. If any deposition is permitted, the timing, scope, and manner of examination will need to be closely monitored and refereed by this Court, and the attorneys for the Senator should be involved in establishing the procedure for that monitoring.

Thus, while we anticipate that the Butler Snow Defendants' arguments against a deposition will not be identical to the Senator's arguments, there certainly will be overlap. Hence, efficiency and judicial economy will be best-served by considering all of the arguments at the same time. Otherwise, the Court will have to consider piecemeal the same ultimate issue, *i.e.* a possible deposition.

In addition, we are advised that Senator Cochran is seeking reasonable time to confer with his attorneys and to file a written opposition to the Plaintiffs' Motion.

The Butler Snow Defendants request leave to submit their substantive response at the same time as Senator Cochran—so as to allow us to understand information from the Senator as to the need (or absence of need) for an immediate deposition and the appropriate scope for any

deposition that may be permitted.  A joint deadline for the briefs will facilitate the Court's consideration of related arguments on the same ultimate issue.

Therefore, the Butler Snow Defendants request that the Court set a joint deadline for the Butler Snow Defendants and Senator Cochran to file written oppositions to the Plaintiffs' Motion, in accordance with the separate motion being filed simultaneously with this preliminary response.

RESPECTFULLY SUBMITTED THIS 22nd day of February, 2018.

/s/ Alan W. Perry
Alan W. Perry (MB No. 4127)
Stephen L. Thomas (MB No. 8309)
Simon Bailey (MB No. 103925)
Bradley Arant Boult Cummings LLP
Suite 450, One Jackson Place
188 East Capitol Street
Post Office Box 1789
Jackson, MS  39215-1789
Phone:  (601) 948-8000
Facsimile:  (601) 948-3000
sthomas@bradley.com
aperry@bradley.com
sbailey@bradley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Alan W. Perry
Alan W. Perry