# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| ROBIN MAYFIELD, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO.: 3:17-CV-514-CWR-FKB |
| v. | ) |
| | ) |
| BUTLER SNOW LLP, et al. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' REPLY TO PRELIMINARY RESPONSE OF BUTLER SNOW DEFENDANTS TO PLAINTIFFS' MOTION TO NOTICE DEPOSITION OF THAD COCHRAN, AND MEMORANDUM IN SUPPORT OF SAME**

COME NOW Plaintiffs Robin Mayfield, Owen Mayfield, William Mayfield, and the Estate of Mark Stevens Mayfield (collectively, the "Plaintiffs" or "Mayfields") and file this Reply[1] to the Preliminary Response of Butler Snow Defendants to Plaintiffs' Motion to Notice Deposition of Thad Cochran (the "Preliminary Response") [Dkt. 70], and state as follows:

In their Motion to Notice Deposition of Thad Cochran, Plaintiffs seek to take the deposition of United States Senator Thad Cochran ("Thad Cochran" or "Senator Cochran"). Senator Cochran is 80 years old and in declining health. In accordance with both the spirit and letter of Fed. R. Civ. P. 32, entitled "Using Depositions in Court Proceedings"[2], Plaintiffs seek to preserve for trial evidence that otherwise has a high likelihood of disappearing or otherwise unavailable for trial. Plaintiffs' case will be prejudiced if Senator Cochran's testimony becomes unavailable due to declining health or death.

---

[1] Plaintiffs will more fully address substantive issues in their reply to the Butler Snow Defendants' anticipated second response.

[2] It is anticipated that Senator Cochran's deposition will be used at trial in the event that he cannot attend the trial or testify because of illness, infirmity, or death, or if he is otherwise unavailable.

1

The Butler Snow Defendants filed a "Preliminary Response" which is both misleadingly titled and procedurally improper. The Federal Rules of Civil Procedure do not create a right for a respondent to file two response briefs. In filing their "Preliminary Response," however, the Butler Snow Defendants have assumed just that—they have the right to file a second response without seeking leave of court.

In actuality, the Butler Snow Defendants seek to assert an objection to a yet-to-be-filed Notice of Deposition. The Preliminary Response, therefore, is also procedurally improper on that basis. To the extent it attempts to quash a yet-to-be-issued Notice of Deposition, it should be disregarded. The issue of preservation of the testimony of Thad Cochran was specifically addressed at the Case Management Conference held before Magistrate Judge F. Keith Ball on January 10, 2018. Judge Ball instructed Plaintiffs to file the instant Motion, and to send a proposed order for his signature. Judge Ball anticipated that after such a motion was granted and a deposition noticed, the parties could and very likely would engage in discovery-related motion practice regarding the actual taking of the deposition.

In short, any objections to scope can be raised <u>at that appropriate time</u> and <u>by the appropriate party</u>. Quite simply, the instant Motion (to notice a deposition) is not the appropriate time to raise such substantive matters. Indeed, delaying a ruling on the Motion to Notice Deposition would frustrate the entire purpose of the Case Management Order's provision that allows depositions during Phase I if a motion is filed, particularly when the Court already anticipates that motion practice will ensure after the deposition is noticed. February has already passed; Phase II begins in May; in between, there is no indication that Senator Cochran's health is getting any better. For the court to consider and rule on any objections raised by Senator Cochran in response to a Notice of Deposition (if issued) before Phase II begins, the instant Motion needs to be ruled on quickly. The Butler Snow Defendants' Motion and separate request [Dkt. 71] asking

that they be allowed until mid-March to respond shows either an intent by the Butler Snow Defendants to frustrate or delay discovery, or a willful ignorance to the declining health of Senator Cochran. Either way, Plaintiffs will be prejudiced if standard discovery cannot be had to preserve Senator Cochran's testimony for trial.

In their Preliminary Response, the Butler Snow Defendants essentially defer to Senator Cochran and his counsel's anticipated filing, admitting that they do not know what Senator Cochran and his attorneys know. This underscores the fact that any objections are Senator Cochran's to make, and not the Butler Snow Defendants'. The Butler Snow Defendants seek to (prematurely) assert objections on behalf of non-party Thad Cochran in responding to a yet-to-be-issued Notice of Deposition. Senator Cochran can file his own response. Indeed, he has. [Dkt. 69].

Furthermore, the Butler Snow Defendants' representations that they do not know what Senator Cochran and his attorneys know also demonstrate why this non-party's deposition is needed. Senator Cochran is a fact witness who has relevant, discoverable information that is not known by others. The Butler Snow Defendants have offered no factual or legal argument that the Court should not exercise its discretion as explicitly allowed in the Case Management Order to allow Plaintiffs to notice the deposition of Thad Cochran.

Nevertheless, the Butler Snow Defendants have tipped their hand as to their anticipated argument in their second response: somehow discovery and preservation of evidence is not necessary. However, the importance of Senator Cochran's testimony cannot be credibly denied. Did Thad Cochran rely upon advice of counsel? To what extent was Senator Cochran aware of the filing of a police report by the Butler Snow Defendants, if at all? When, where, how, and with what authority and knowledge the Butler Snow Defendants acted on behalf of Senator Cochran (and others) are clearly relevant questions that will solicit relevant responses. Senator Cochran and

his 2014 campaign are clearly relevant to this lawsuit.[3] For the Butler Snow Defendants to argue that Senator Cochran's deposition is not needed borders on absurd. The Butler Snow Defendants claim that they do not know what the Senator knows. The Court should take them at their word.

In professing to be concerned about the scope of a deposition of Senator Cochran, the Butler Snow Defendants make a veiled reference to the recent amendment to Fed. R. Civ. P. 26 that added the "proportionality" caveat to discovery.[4] However, the Butler Snow Defendants' only basis for their "concerns" is their allegation that the Amended Complaint was "rambling." Plaintiffs' narrative style is not a basis for an objection. The Butler Snow Defendants wholly fail to give any <u>specific evidentiary basis</u> (or even a single specific allegation from the Amended Complaint) for their "concerns," or to provide any basis for a suspicion that Plaintiffs would attempt to use a deposition of Senator Cochran to delve into matters beyond the scope of facts relevant to the allegations of the Amended Complaint. And, yet again, this is all in anticipation of a Notice of Deposition that has not even been filed yet.

In sum, the Butler Snow Defendants' "Preliminary Response" is premature, and lacks any legitimate basis. It is *de facto* an improper Motion to Quash a Notice of Deposition that has not been filed. Furthermore, any such substantive concerns regarding scope of deposition are properly raised by the party from whom discovery is sought. The admissibility of any deposition testimony at trial would similarly be addressed at the appropriate time.

---

[3] There may be additional facts and information that he has knowledge of that are relevant.

[4] Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

The Plaintiffs will more fully respond to any second Response filed by the Butler Snow Defendants.

WHEREFORE, PREMISES CONSIDERED, Robin Mayfield, William Mayfield, Owen Mayfield, and the Estate of Mark Mayfield, Plaintiffs herein, respectfully request that the Court enter an Order allowing them to file a Notice of Deposition for Senator Thad Cochran, and for such other relief as the Court deems proper.

Respectfully submitted this, the 1st day of March, 2018.

/s/*Dorsey R. Carson, Jr.*
Dorsey R. Carson, Jr., Esq. (MSB #10493)
Julie S. Noone, Esq. (MSB #101591)
Steve C. Thornton, Esq. (MSB #9216)
Attorneys for Plaintiffs
*Robin Mayfield, Owen Mayfield, William Mayfield, and The Estate of Mark Stevens Mayfield*

**OF COUNSEL:**

CARSON LAW GROUP, PLLC
Capital Towers, Suite 1336
Jackson, MS 39201
Telephone: 601.351.9831
Facsimile: 601.510.9056
Email: dcarson@thecarsonlawgroup.com
jnoone@thecarsonlawgroup.com

-and-

THORNTON LAW FIRM
P.O. Box 16465
Jackson, MS 39236
Telephone: 601.982.0313
Facsimile: 601.957.6554
Email: mail@lawlives.com

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

This the 1st day of March, 2018.

*/s/ Dorsey R. Carson, Jr.*
OF COUNSEL