IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROBIN MAYFIELD; OWEN MAYFIELD,
WILLIAM MAYFIELD; AND, THE ESTATE
OF MARK STEVENS MAYFIELD  PLAINTIFFS

vs.  CAUSE NO. 3:17cv514CWR-FKB

BUTLER SNOW, LLP; ET AL.  DEFENDANTS

## MEMORANDUM IN SUPPORT OF THE MOTION OF DEFENDANT RICHARD WILBOURN III TO COMPEL AND FOR A STAY OF PROCEEDINGS

Before the Plaintiffs filed this lawsuit, they conducted two years of *ex parte* discovery, including depositions and production of documents, via "bills of discovery" filed in the Hinds and Madison County Chancery Courts. By Plaintiffs' express representations, the purpose of these discovery actions was to develop evidence to support the claims they now assert in this Court. Plaintiffs conducted state court discovery for two years, unilaterally and, at least in part, under the cloak of a Seal Order entered by the Hinds County Chancery Court.

Now, Plaintiffs object to producing to Defendants discoverable evidence in their possession, interposing the state court Seal Order and objections based on work product protection, "ambiguity" and "relevance." Because Plaintiffs' position is effectively a spurious attempt to play "hide and seek" with clearly discoverable evidence, Defendant Richard Wilbourn III ("Wilbourn") moves to compel Plaintiffs to respond fully to Defendant's written discovery requests, and to produce a privilege log as to all documents withheld as privileged or "otherwise protected." Pending full responses and complete production (and resolution of any privilege issues), Wilbourn also requests that the Court stay further proceedings. At a minimum,

because Plaintiffs attempt to avoid producing discoverable evidence largely based on the Seal Order – an order Plaintiffs moved the state court to enter – this Court should stay discovery in this action until that order is lifted or otherwise addressed in state court. In further support of his motion, Defendant would respectfully show as follows.

## PROCEDURAL BACKGROUND

Before the Plaintiffs asserted their claims in this action, they conducted two years of *ex parte* discovery in state court "bills of discovery" filed in the Hinds and Madison County Chancery Courts. The Hinds County discovery action proceeded against no real parties in interest, under the protection of confidentiality agreements with targets of their discovery, and an order, granted on Plaintiffs' motion, sealing the court file. *See* Exhibit A to the Motion, Order Granting Motion for Case To Be Maintained Under Seal, Hinds County Chancery Court Cause No. G2015-952 W/Y (entered Sept. 6, 2016) (the "Seal Order").

Plaintiffs filed the Madison County discovery action against Wilbourn, after he successfully moved to quash Plaintiffs' improper discovery requests in the Hinds County action. The Madison County Chancellor denied a motion by Wilbourn to seal that action, which Plaintiffs actively opposed despite having requested the Seal Order in Hinds County. However, the Madison County court granted Wilbourn's motion to dismiss before any discovery occurred, finding that Plaintiffs' "discovery action" was improper. While Defendant cannot access the court file in the Hinds County discovery action because of the Seal Order, based on Plaintiffs' filings, record argument, and representations in the Madison County action, the express purpose of Plaintiffs' discovery actions was to collect factual evidence to support the very claims they now assert here.

After the parties exchanged prediscovery disclosures in this action, and pursuant to the discovery parameters set by the Court in its Case Management Order [Doc. 67], Wilbourn

propounded initial written discovery requests to Plaintiffs. Plaintiffs responded April 20, 2018. *See* Exhibit E to the Motion, Plaintiffs' Responses to Richard's First Set of Interrogatories and Requests for Production. However, Plaintiffs' responses are deficient as to several of Wilbourn's requests because Plaintiffs refuse to produce all the evidence they gathered in the Hinds County discovery action. Plaintiffs have interposed objections to Wilbourn's requests based on "ambiguity," relevance, the attorney work product doctrine and, mainly, on the Seal Order, which remains in effect. Plaintiffs have likewise failed to provide any privilege log covering any documents not produced, as required by the Rule 26(b)(1) of the Federal Rules of Civil Procedure and Local Uniform Civil Rule 26(e).[1]

The parties engaged in good faith efforts to resolve the dispute regarding Plaintiffs' responses to Wilbourn's discovery requests. The parties first exchanged correspondence in early May 2018. *See* Exhibits B and C to the Motion (Letters between counsel, dated May 1, 2018 and May 4, 2018). On May 15, 2018, the parties brought this issue to the Court via an informal discovery conference, as provided by paragraph 6.F.4 of the Case Management Order [Doc. 67]. The Court ordered the parties to confer further, and that failing, authorized the Defendants to file motions to compel by May 22, 2018. *See* Text Only Order (entered May 16, 2018). Following that conference, the parties conferred again on May 16, 2018, in an effort to resolve the dispute but remain unable to reach an agreement. *See* Exhibit D to the Motion (Good Faith Certificate).

In its text-only Order entered May 16, 2018, following the discovery conference, the Court cancelled the "discovery, expert designation, dispositive/Daubert-type motions deadlines," and stayed discovery until further order of the Court. *See* Text Only Order (entered May 16, 2018). Because Plaintiffs refuse to produce all the evidence they gathered in the Hinds County

---

[1] Wilbourn's requests are similar to requests propounded by Defendants Butler Snow LLP and Don Clark (collectively, "Butler Snow"); Plaintiffs have also failed to respond to Butler Snow's requests. Butler Snow has filed a separate motion to compel and supporting memorandum, [*see* Docs. 94, 95], which Wilbourn joins and adopts.

3

discovery action – evidence clearly "relevant to any party's claim or defense and proportional to the needs of the case" – Defendant urges the instant motion to compel Plaintiffs' full compliance with the discovery rules, and stay further proceedings until they do so.

## ARGUMENT

**A. The Rules require Plaintiffs to produce all evidence "regarding any nonprivileged matter that is relevant to any party's claim or defense," as well as a privilege log.**

The evidence withheld by Plaintiffs obtained in their state court discovery action clearly meets the familiar scope of discovery set forth in Rule 26(b)(1):

> Parties may obtain discovery *regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, *the parties' relative access to relevant information*, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added). By his motion, Wilbourn simply requests that the Court fashion relief to level the playing field between the parties and compel Plaintiffs to comply with the proper scope of discovery.

The Plaintiffs have benefitted from two years of *ex parte* discovery related to their claims, yet now seek to hide the evidence they gleaned behind "work product" and the Seal Order. This fundamental unfairness is not countenanced by the Federal Rules of Civil Procedure. To the contrary, Plaintiffs are required to respond fully to Wilbourn's requests, to produce all nonprivileged evidence in their possession "relevant to any party's claim or defense and proportional to the needs of the case," and to provide a privilege log as to all responsive materials withheld as privileged or "otherwise protected." Fed. R. Civ. P. 26(b)(1); L.U.Civ.R. 26(e). This is particularly so in this case because Plaintiffs' unilateral "access to relevant information," purportedly hidden by the Seal Order, gives them a potentially tremendous

4

advantage in discovery in this case. Respectfully, this Court should compel Plaintiffs' full compliance with the discovery rules, and stay further proceedings until they do so.

### B. Wilbourn's discovery requests are not ambiguous and seek discoverable evidence.

Specifically, Richard moves to compel full responses to the following discovery requests propounded to Plaintiffs, *see* Exhibit E hereto, Plaintiffs' Responses to Richard's First Set of Interrogatories and Requests for Production:

> **INTERROGATORY NO. 2:** Please state the name and address of anyone from whom a statement, written, oral, recorded or otherwise, has been obtained by you and/or on your behalf relating, in any way, to the occurrence described in your complaint and all amendments thereto. Additionally, please state the date upon which, and identify the individual by whom, the statement was taken.
>
> **PLAINTIFFS' ANSWER AND OBJECTION:** Plaintiffs object to this interrogatory to the extent it is vague, ambiguous, overly broad, or seeks information protected by the attorney-client[2] or the attorney work-product privilege. This interrogatory is ambiguous in its use of the word "obtained." For purposes of this answer, Plaintiffs have taken the word "obtained" to mean statements taken by Plaintiffs, and to not mean or include statements taken by others which were recorded (video, audio, writing, etc.) and a copy acquired by Plaintiffs. Plaintiffs further object to this interrogatory to the extent it calls for statements taken by Plaintiffs' attorneys in the course of their investigation and preparations for pursuing the instant litigation. The recordings of such statements reflect the attorney's mental impressions and legal theories, and therefore constitute attorney work-product prepared in anticipation of litigation. Reserving all objections and without waiving same, Plaintiffs identify the deposition of Mary Hawkins-Butler that was taken in the course of the *Estate of Mark Stevens Mayfield, et al. v. John Does, et al.*, Hinds County Chancery Court Case No. G2015-952 W/Y. With the consent of Mary Hawkins-Butler, through counsel, a copy of her deposition has been produced in this matter. See Mayfield 0010362-0010751. All other records in the Chancery Court matter are maintained under seal by order of the Chancery Court. Defendants have, by means of independent discovery in the instant proceeding, equal access to any witness deposed or any document obtained by Plaintiffs in the Chancery Court matter.
>
> **INTERROGATORY NO. 3:** If any documents sought in the following Requests for Production of Documents are for any reason not produced as requested, then with respect to each such document, please identify such documents and provide a

---

[2] During subsequent good faith negotiations between the parties, Plaintiffs stated in correspondence that they are withholding no attorney-client privileged documents from production.

5

privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5) and Uniform Local Rule 26(e), including:

(a) the name, present or last known address, telephone number, present or last known business affiliation and location, job title, and job responsibilities of the document's author, drafter, subject matter, or originator, and, if applicable, each person who edited, corrected, revised, amended, or reviewed the documents, each person who wrote any initials, comments, notations on the document, and each recipient of the document or a copy thereof;

(b)     the document's date;

(c)     a description of the document's subject matter or general nature;

(d)     all bases for not producing the document or a copy thereof;

(e)     the present location of the document and every copy thereof, and the name of the person in each location having custody or control of the document as copy; and

(f)     whether such document was obtained in the course of the separate "discovery action" pending in Hinds County Chancery Court, Cause Number NO. G2015-952 W/Y.

**PLAINTIFFS' ANSWER AND OBJECTION:**  Plaintiffs object to this interrogatory to the extent it attempts to exceed the requirements of the Federal Rules of Civil Procedure.  Reserving all objections and without waiving same, see the Answer to Interrogatory No. 1 [which in no way addressed production of a privilege log].

**REQUEST FOR PRODUCTION NO. 1:**  Please produce all documents, transcripts, objects, witness statements, depositions, videos, or other matters and things obtained in the course of the separate "discovery action" pending in Hinds County Chancery Court, Cause Number NO. G2015-952 W/Y, that are discoverable and/or relevant, as that term is defined by the Federal Rules of Civil Procedure, to any party's claim or defense at issue in this action.

**PLAINTIFFS' ANSWER AND OBJECTION:**  Plaintiffs object to this request as ambiguous. Hinds County Chancery Court Cause No. 02015-952 W/Y has been closed and dismissed. It is not "pending." Assuming this request applies to closed and dismissed Hinds County Chancery Court Cause No. 02015-952 WlY, certain documents from that Chancery Court matter are maintained under seal pursuant to the Chancery Court's order. By identifying the requested documents as "obtained in the course of the separate 'discovery action' pending in Hinds County Chancery Court, Cause Number No. 02015-952W|Y," Defendant Richard Wilbourn, III seeks information that is not relevant and requests documents

>maintained under seal pursuant to the Court's order. Plaintiffs further object to this request because it seeks information that is not relevant and requests documents under seal, and because it seeks discovery of attorney work-product and mental impressions.

*See* Exhibit E, Plaintiffs' Responses, at 2-5. Because Plaintiffs' responses to all three requests are based on substantively similar objections, Wilbourn addresses each of the objections in turn.

### 1. Wilbourn's requests are neither ambiguous nor irrelevant.

Plaintiffs' objections that Wilbourn's discovery requests are "ambiguous" and seek information "not relevant" to this action are frivolous, if not sanctionable. Plaintiffs' state court "discovery actions" expressly alleged that they sought to obtain "information, knowledge, and other evidence relevant to the events leading up to and surrounding Mark Mayfield's death." Exhibit F to the Motion, Complaint for Discovery [Doc. 3], Madison County Chancery Court Cause No. 2017-51-B, at 3 (¶ 17). Plaintiffs used their "discovery actions" to "obtain *proof of conversations and activities relevant to [alleged negligent and/or tortious] actions* that would assist [Plaintiffs] in ascertaining what, if any, causes of action are available to them . . . ." Exhibit G to the Motion, Resp. in Opposition to Mot. To Dismiss [Doc. 13], Madison County Chancery Court Cause No. 2017-51-B, at 1-2 (emphasis added). Plaintiffs have expressly represented that they "sought *and obtained discovery and depositions from other individuals and entities*" in the state court discovery actions pertaining to the allegations here. *Id.* (emphasis added).

Wilbourn's straightforward requests simply seek the "discovery and depositions from other individuals and entities" that Plaintiffs have stated they obtained. Wilbourn's discovery requests are neither ambiguous, nor irrelevant. To the contrary, they are squarely within the scope of discovery allowed by Rule 26(b)(1), and the Court should overrule these objections and compel complete production.

7

### 2. Plaintiffs' objections based on work product protection are likewise not meritorious.

"The work product doctrine protects an attorney's thoughts, mental impressions, strategies and analysis from discovery by opposing counsel." *Hewes v. Langston*, 853 So. 2d 1237, 1245 (Miss. 2003) (citing *Hickman v. Taylor*, 329 U.S. 495, 510–11, 67 S. Ct. 385, 393 (1947)). Protected attorney "work product" is defined under the discovery rules as "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3). Clearly, "discovery and depositions from other individuals and entities," which Plaintiffs state that they obtained in their state court discovery action, are not protected "work product." *See Baker Donelson Bearman Caldwell & Berkowitz, P.C. v. Seay*, 42 So. 3d 474, 493 (Miss. 2010) (a recording of a confrontation made on the advice of an attorney of did not itself constitute protected work product).

Even crediting their objections, Plaintiffs must at least provide a privilege log to allow Defendants to assess whether any such privilege actually applies. *See Walker v. Target Corp*, 2017 WL 2464439, *2 (S.D. Miss., entered June 7, 2017) (noting that failure to provide a privilege log required by L.U.Civ.R. 26(e) subjects party to sanctions under Rule 37); *Barnett v. Deere & Co.*, 2016 WL 10179585, at *2 (S.D. Miss., entered April 5, 2016) ("Even if describing the protected materials in a log may be difficult to do without revealing the confidential nature of the documents, it is nevertheless the obligation of [a party] under Fed. R. Civ. P. 26(b)(5).") (quoting additional authority). Under Rule 26(b)(5)(A), a party must expressly assert the privilege or protection claimed and describe the nature of the documents or things not produced or disclosed "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A); *see* L.U.Civ.R. 26(e)

8

("party withholding information claimed privileged or otherwise protected must submit a privilege log that contains [basic identifying information]").  The Court should overrule Plaintiffs' invocation of "work product" as a justification to withhold discoverable evidence and compel full production, including the required privilege log.

### 3. Plaintiffs should not be allowed to hide discoverable evidence behind the state court Seal Order.

The state court Seal Order is the main basis for Plaintiffs' refusal to respond fully to Defendant's requests or to produce all responsive documents and evidence.  But the Seal Order should not prevent production of such evidence because it would apply only to matters filed of record in the state court file.  As Plaintiffs themselves have contended, in opposing Wilbourn's motion to seal the Madison County discovery action,

> as a practical matter, discovery (production of documents, interrogatories, requests for admission, deposition) takes place almost entirely out of court and off the record, except to the extent that a discovery excerpt is attached to a pleading.

Exhibit H to the Motion, Response to Motion To Seal the Court Record [Doc. 16], Madison County Chancery Court Cause No. 2017-51-B, at 9 (¶ 20).  The depositions and documentary evidence obtained by Plaintiffs thus do not fall under the Seal Order, and, even if that evidence was subject to the Seal Order, Plaintiffs must at least provide a privilege log, as discussed above. It is clearly not sufficient for Plaintiffs to state simply that Defendant has "equal access to any witness deposed or any document obtained by Plaintiffs in the Chancery Court matter," *see* Exhibit E to the Motion, Plaintiffs' Responses, at 3 (Resp. to Int. No. 2), and then refuse to respond to Wilbourn's discovery requests by invoking the Seal Order.  Defendant is entitled to all factual information adduced by Plaintiffs, and prior statements made by any witness, *before* further discovery occurs in this matter.

9

Plaintiffs at least tacitly acknowledge that the Seal Order should not frustrate Defendant's discovery in this action. Plaintiffs have actually produced one deposition and other documents they obtained in the discovery action. Plaintiffs also opposed a motion by Wilbourn to seal the Madison County discovery action, which sought relief consistent with the Seal Order. *See* Exhibit H to the Motion, Response to Motion To Seal the Court Record [Doc. 16], Madison County Chancery Court Cause No. 2017-51-B. There, Plaintiffs contended that the Seal Order was not legally warranted (citing federal authority) and represented that "[n]o party from whom discovery was sought therein has moved to unseal the case; had they, Plaintiffs would not have opposed such a request." *Id.* at 2 (¶ 4).[3] Before Judge Reeves, Plaintiffs indicated that they were amenable to producing the materials they obtained in the Hinds County discovery action:

> it sounds like [Defendants are] complaining about the fact that we each already gathered evidence. If they want it, then let's do initial disclosures. Let's go ahead and get the case moving forward.

Exhibit I to the Motion, Excerpts from Motion Hearing Transcript, Nov. 15, 2017, at 61-62. Particularly in view of their prior representations and actions, Plaintiffs cannot now withhold selected evidence that would otherwise be discoverable based on the Seal Order. That is both improper and prejudicial to the Defendants.

**C. A stay of further proceedings is warranted pending resolution of these issues.**

Regardless of Plaintiffs' contradictory, and highly situational, positions regarding the reach of the Seal Order, at base, the state court Seal Order is a predicament of the Plaintiffs' own making. They moved the state court to enter it, and they enjoyed its protection as they conducted *ex parte* discovery in search of evidence to support their claims. To the extent the Seal Order is

---

[3] When both Butler Snow and Wilbourn moved in Hinds County to lift the Seal Order after the parties' initial disclosures in this action, Plaintiffs again offered no ground to sustain the Hinds County seal, except for unspecified information about minor children (which, presumably, may pertain to Wilbourn's own children, since they are the only minors disclosed by Plaintiffs in their prediscovery disclosures). However, Plaintiffs have taken no action to seek to lift the Seal Order, they did not join in Defendants' motions, and, during recent good faith discussions, Plaintiffs indicated that they were unwilling to request that the state court lift the Seal Order.

10

now an impediment to full and fair discovery in this action, Defendants should not bear any more prejudice than they already have as a result of Plaintiffs' stratagem. Instead, the Court should block Plaintiffs' "hide and seek" approach to discovery by overruling Plaintiffs' objections and ordering full production, as discussed above. The Court should also stay all proceedings until Plaintiffs have fully responded to Wilbourn's discovery requests, produced all responsive documents, and, as necessary to do so, cured the issues caused by their state court Seal Order. Given Plaintiffs' two-year head start in gathering discovery in state court, basic fairness dictates that the Court stay these proceedings until Defendants have full access to the discoverable evidence possessed by Plaintiffs. Moreover, for the reasons discussed more fully in Butler Snow's separate memorandum, *see* Butler Snow's Memorandum in Support of Motion To Stay Discovery or Compel Production [Doc. 95], at 5-6, if the Seal Order prevents Plaintiffs from producing all responsive information or documents, or if the Court is hesitant to order production because of the state court order, the Court has broad discretion to stay discovery in this action pending resolution in state court of the issues surrounding the Seal Order.

## CONCLUSION

For the foregoing reasons, Defendant Richard Wilbourn III respectfully requests that the Court compel Plaintiffs to respond fully to Defendant's discovery requests, including production of all responsive documents and a privilege log as to all evidence withheld as privileged or "otherwise protected." Until Plaintiffs fully comply with the pending requests, the Court should also stay further proceedings. Defendant prays for such other relief, including his costs and attorneys' fees incurred in filing this motion, that the Court deems proper.

**RESPECTFULLY SUBMITTED**, this the 22nd day of May, 2018.

**RICHARD WILBOURN, III**

BY: *s/ Cory T. Wilson*

11

OF COUNSEL:

ROBERT L. GIBBS, ESQ. (MSB #4816)
GIBBS TRAVIS PLLC
1400 Meadowbrook Road, Suite 100
Jackson, MS 39211
Phone: 601-487-2631
Email: rgibbs@gibbstravis.com

CORY T. WILSON, ESQ. (MSB #10168)
JERNIGAN COPELAND ATTORNEYS, PLLC
Post Office Box 2598
Ridgeland, Mississippi  39158
Telephone: (601) 427-0048
Fax: (601) 427-0051
Email:  cwilson@jcalawfirm.com

# **CERTIFICATE OF SERVICE**

I, the undersigned, attorney for Richard Wilbourn III, do hereby certify that the above and foregoing was electronically filed and electronic notice was given to the following:

Dorsey R. Carson, Jr. (dcarson@thecarsonlawgroup.com)
Julie C. Skipper (jskipper@thecarsonlawgroup.com)
**CARSON LAW GROUP, PLLC**
125 S. Congress Street
Jackson, MS  39201
*Attorneys for Robin Mayfield; Owen Mayfield; William Mayfield; and, the Estate of Mark Stevens Mayfield*

Steve C. Thornton (mail@lawlives.com)
**THORNTON LAW OFFICE**
P. O. Box 16465
Jackson, MS  39236
*Attorney for Robin Mayfield; Owen Mayfield; William Mayfield; and, the Estate of Mark Stevens Mayfield*

Stephen L. Thomas (sthomas@babc.com)
Alan W. Perry (apery@babc.com)
Simon T. Bailey (sbailey@babc.com)
**BRADLEY ARANT BOULT CUMMINGS, LLP**
P. O. Box 1789
Jackson, MS  39215-1789
*Attorneys for Butler Snow, LLP; Donald Clark, Jr.*

Dale Danks, Jr. (ddanks@dmv-law.net)
Kenneth C.Miller (kmiller@dmc-law.net)
Michael V. Cory, Jr. (mc@dmc-law.net)
**DANKS, MILLER & CORY**
P. O. Box 1759
Jackson, MS 39215-1759
*Attorneys for the City of Madison, Mississippi; Mary Hawkins-Butler, Individually and in her Official Capacity;*

Roy A. Smith, Jr. (rsmith@danielcoker.com)
Steve J. Griffin (sgriffin@danielcoker.com)
**DANIEL, COKER, HORTON & BELL**
P. O. Box 1084
Jackson, MS  39215
*Attorneys for Police Chief Gene Waldrop, Individually and in his Official Capacity;*
*Chuck Harrison, Individually and his Official Capacity;*
*Vickie Currie, Individually and her Official Capacity;*

This the 22nd day of May, 2018.

                                              *s/ Cory T. Wilson*
                                              CORY T. WILSON