**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ROBIN MAYFIELD, ET AL.**                                              **PLAINTIFFS**

**VS.**                                              **CAUSE NO. 3:17-CV-00514-CWR-FKB**

**BUTLER SNOW, LLP, ET AL.**                                              **DEFENDANTS**

---

### ANSWER OF MARY HAWKINS BUTLER, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY, TO FIRST AMENDED COMPLAINT

---

**COMES NOW**, the Defendant, Mary Hawkins Butler, individually and in her capacity as the Mayor of the City of Madison, Mississippi, and files this her Answer to Plaintiffs' First Amended Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

The claims in the Amended Complaint fail to state a claim against this Defendant upon which relief can be granted, and Plaintiffs' claims should be dismissed with prejudice as a matter of law. More specifically, the Plaintiffs have failed to establish speech-based retaliation or that the Defendants would not have taken the challenged action (i.e., investigating the report of the crime against Rose Cochran that occurred when, as part of a conspiracy, one individual entered into Rose Cochran's room without permission and took a picture of her while in her bed, and then published the same in an effort to undermine Senator Thad Cochran's reelection campaign), but for Mark Mayfield's involvement in Chris McDaniel's senate primary campaign, despite the fact that his involvement was not even known to the Defendants at the time the crime was reported.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' remaining claims are barred by the applicable statutes of limitation.

## **ANSWER**

1.      Denied.

2.      Denied.

3.      Denied as to state-law claims which have been dismissed.

4.      Admitted.

5.      Admitted on information and belief.

6.      Admitted on information and belief.

7.      Admitted on information and belief.

8.      Admitted.

9.      These allegations are directed at a Defendant who is no longer a party, and therefore the same are denied.

10.      These allegations are directed at a Defendant who is no longer a party, and therefore the same are denied.

11.      Admitted.

12.      Admitted.

13.      These allegations are directed at a Defendant who is no longer a party, and therefore the same are denied.

14.      Admitted.

15.      Admitted.

16.      These allegations are directed at a Defendant who is no longer a party, and therefore the same are denied.

17.      This Defendant lacks sufficient information or knowledge concerning these allegations, and therefore the same are denied.

18.    Admitted.

19.    Admitted on information and belief.

20.    Admitted on information and belief.

21.    Admitted on information and belief.

22.    Admitted.

23.    Admitted.

24.    Admitted on information and belief.

25.    Admitted on information and belief.

26.    Admitted on information and belief.

27.    Admitted on information and belief.

28.    Admitted on information and belief.

29.    Admitted on information and belief.

30.    Admitted on information and belief.

31.    Admitted.

32     Admitted.

33.    Admitted.

34.    Admitted on information and belief.

35.    Admitted on information and belief.

36.    This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied.

37.    This Defendant lacks sufficient information concerning these allegations, and therefore the same are denied.

38.    Admitted on information and belief.

39.     This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied.

40.     This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied.

41.     This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied.

42.     This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied.

43.     This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied.

44.     Admitted.

45.     Denied. This Defendant admits that the Currie affidavit speaks for itself with respect to its contents.

46.     Admitted.

47.     Denied. This Defendant admits that the Harrison affidavit speaks for itself with respect to its contents.

48.     Denied.  This Defendant admits on information and belief that the subject affidavits were submitted to the Madison Municipal Judge and that the Madison Municipal Judge signed the arrest and search warrants.

49.     Denied.  This Defendant admits that Mark Mayfield was arrested at his law office.

50.     Denied.  This Defendant admits that Mark Mayfield's home was searched and that certain items were seized.

51.     Denied. This Defendant admits that the Madison Municipal Judge set the bond at $250,000.00.

52.     Admitted on information and belief.

53.     This Defendant lacks any sufficient information concerning these allegations, and therefore the same are denied.

54.     This Defendant lacks any sufficient information concerning these allegations, and therefore the same are denied.

55.     This Defendant lacks any sufficient information concerning these allegations, and therefore the same are denied.

56.     This Defendant lacks any sufficient information concerning these allegations, and therefore the same are denied.

57.     This Defendant lacks any sufficient information concerning these allegations, and therefore the same are denied.

58.     This Defendant lacks any sufficient information concerning these allegations, and therefore the same are denied.

59.     Admitted on information and belief.

60.     Admitted on information and belief.

61.     Admitted on information and belief.

62.     Admitted.

63.     Admitted.

64.     Admitted on information and belief.

65.     This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied.

66.     This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied.

67.     This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied.

68.     This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied.

69.     This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied. However, this Defendant admits that such a plan was hatched, and that John Mary ultimately plead guilty.

70.     This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied.

71.     This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied. This defendant admits that Richard Sager ultimately plead guilty.

72.     This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied.

73.     This Defendant lacks sufficient information concerning these general allegations, and therefore the same are denied.

74.     This Defendant lacks sufficient information concerning these general allegations, and therefore the same are denied.

75.     Admitted on information and belief.

76.     This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied.

77.     This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied.

78.     This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied.

79.     This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied. This Defendant does admit that Mark Mayfield, at some point, became involved in a conspiracy to photograph Mrs. Cochran in her bed.

80.     This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied.

81.     This Defendant lacks any specific information concerning these general allegations, and therefore the same are denied. This Defendant does admit that Mark Mayfield, at some point, gave information concerning where Mrs. Cochran's room was located.

82.     Denied.

83.     This Defendant lacks sufficient information concerning these allegations, and therefore denies the same. This Defendant does admit that Mark Mayfield knew that the plan was to take photographs and/or video Rose Cochran in her bed.

84.      This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

85.     This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

86.     This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

87.     This Defendant lacks sufficient information concerning these allegations, and therefore denies the same. This Defendant admits that photographs and/or video were taken.

88.     This Defendant lacks sufficient information concerning these allegations, and therefore denies the same. This Defendant admits that a still photo was posted on YouTube.

89.     Denied. This Defendant admits that the subject email speaks for itself.

90.     Denied. This Defendant admits that the subject Incident Report speaks for itself, and that Don Clark reported the occurrence of a crime to the City of Madison.

91.     Denied. This Defendant admits that the full text of the cited statute speaks for itself.

92.     Admitted on information and belief.

93.     Denied. This Defendant admits that the full text of the cited statute speaks for itself.

94.     Admitted.

95.     Denied. This Defendant admits that the full statement speaks for itself.

96.     This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

97.     This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

98.     This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

99.     Admitted.

100.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

101.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

102.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

103.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

104.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

105.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

106.    To the extent that these allegations are directed to those other than this Defendant, no answer is required.  To the extent they are directed to this Defendant, the same are denied.

107.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

108.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

109.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

110.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

111.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

112.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

113.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

114.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

115.   Admitted on information and belief.

116.   This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

117.   This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

118.   This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

119.   Admitted.

120.   Denied.

121.   Denied.

122.   This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

123.   This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

124.   This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

125.   This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

126.   This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

127.   This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

128.   This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

129.   This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

130.   This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

131.   This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

132.   This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

133.   This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

134.   Denied.

135.   Denied.  The City of Madison admits that it is a municipality existing under the laws of the State of Mississippi.

136.   Admitted.

137.   Admitted.

138.   Denied as phrased.

139.   Denied as phrased.  This Defendant admits that Vickie Currie is employed as a City of Madison police officer.

140.   To the extent that these allegations are directed to the knowledge of those other than this Defendant,  no answer is required.  To the extent they are directed to this Defendant, the same are denied. However, this Defendant admits that lawyers and staff at Butler Snow have previously made campaign contributions to various local politicians, including Mayor Butler.

141.   Denied as phrased.

142.   Denied as phrased.

143.    Denied as phrased.

144.    Denied as phrased.  This Defendant admits that Cochran over time has supported requests made by the City of Madison.

145.    Denied as phrased.

146.    Denied as phrased.

147.    Denied as phrased.

148.    Denied.

149.    Denied as phrased.

150.    To the extent that these allegations are directed to the knowledge or expectation of those other than this Defendant, no answer is required.  To the extent they suggest or imply that this Defendant gave any preferential treatment to anyone in this case, the same are denied.

151.    To the extent that these allegations are directed to the knowledge or expectation of those other than this Defendant, no answer is required.  To the extent they suggest or imply that this Defendant gave any preferential treatment to anyone in this case, the same are denied.

152.    To the extent that these allegations are directed to the knowledge or expectation of those other than this Defendant, no answer is required.  To the extent they suggest or imply that this Defendant gave any preferential treatment to anyone in this case, the same are denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    To the extent that these allegations are directed to another Defendant, no answer is required from this Defendant.

157.    Denied.  This Defendant admits that Currie is employed as a police officer with the Madison Police Department.

158.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

159.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

160.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

161.    Denied.

162.    Denied.

163.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

164.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

165.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

166.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

167.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

168.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

169.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

170.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

171.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

172.    Denied.

173.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

174.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

175.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

176.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

177.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

178.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

179.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

180.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

181.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

182.    Denied.  This Defendant admits that Clark called Mayor Hawkins Butler and was directed to contact the Chief of the City of Madison Police Department.

183.    Denied.

184.   Denied.

185.   Denied.

186.   Denied.

187.   Admitted.

188.   Admitted.

189.   Denied.

190.   This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

191.   Denied.

192.   Denied.

193.   Denied.

194.   Denied. This Defendant admits that the subject incident report speaks for itself.

195.   Denied. This Defendant admits that the subject affidavits and warrants speak for themselves.

196.   Denied. This Defendant admits that the subject warrant speaks for itself.

197.   Denied.

198.   Denied.

199.   Denied.

200.   Denied.

201.   Denied.

202.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

203.   Denied. This Defendant admits that the referenced affidavit speaks for itself.

204.   Denied. This Defendant admits that the referenced affidavit speaks for itself.

205.    Denied.

206.    Denied.

207.    Denied. This Defendant admits that the full text of the referenced statute speaks for itself.

208.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

209.    Denied.

210.    Denied.

211.    This Defendant admits that Richard Wilbourn was never arrested or charged. This Defendant lacks sufficient information concerning the remainder of these allegations, and therefore denies the same.

212.    Denied. This Defendant admits that the referenced affidavit speaks for itself.

213.    Admitted on information and belief.

214.    Admitted on information and belief.

215.    Admitted on information and belief.

216.    Admitted on information and belief.

217.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

218.    Denied. This Defendant admits that Mark Mayfield was arrested on May 22, 2014, and charged with conspiracy to commit exploitation of a vulnerable adult and that bond was set at $250,000.

219.    Denied.

220.    Denied.

221.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

222.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

223.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

224.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

225.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

226.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

227.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

228.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

229.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

230.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

231.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

232.    This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

233.   Admitted.

234.   Admitted.

235.   Denied.

236.   This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

237.   This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

238.   This Defendant lacks sufficient information concerning these allegations, and therefore denies the same.

239.   Admitted on information and belief.

240.   Admitted on information and belief.

241.   Denied.

242.   Denied.

243.   This Defendant incorporates all previous denials.

244.   Denied.

245.   Denied.

246.   Denied.

247.   Denied.

248.   Denied.

249.   Denied.

250.   Denied.

251.   Denied.

252.   Denied.

253.   Denied.

254.    Denied.

255.    Denied.

256.    Denied.

257.    Denied.

258.    This Defendant incorporates all previous denials.

259 – 269.    The claims alleged in these paragraphs have been dismissed. Therefore, no answer is required. To the extent that said paragraphs alleged any facts or claims against this Defendant, the same are denied.

270.    This Defendant incorporates all previous denials.

271 – 274.    The claims alleged in these paragraphs have been dismissed. Therefore, no answer is required. To the extent that said paragraphs alleged any facts or claims against this Defendant, the same are denied.

275.    This Defendant incorporates all previous denials.

276 – 280.    The claims alleged in these paragraphs have been dismissed. Therefore, no answer is required. To the extent that said paragraphs alleged any facts or claims against this Defendant, the same are denied.

281.    This Defendant incorporates all previous denials.

282 – 283.    The claims alleged in these paragraphs have been dismissed. Therefore, no answer is required. To the extent that said paragraphs alleged any facts or claims against this Defendant, the same are denied.

284.    This Defendant incorporates all previous denials.

285 – 289.    The claims alleged in these paragraphs have been dismissed. Therefore, no answer is required. To the extent that said paragraphs alleged any facts or claims against this Defendant, the same are denied.

This Defendant denies the remainder of the claims in the last unnumbered paragraph of the Plaintiffs' Amended Complaint, as well as all footnotes to the extent not already denied, and denies that the Plaintiffs are entitled to any relief from this Defendant whatsoever.

### THIRD AFFIRMATIVE DEFENSE

The claims asserted against this Defendant are conclusory in nature and should be dismissed at the cost to the Plaintiffs. Based on these claims, no reasonable juror could find that the Defendants formed a retaliatory policy against Mark Mayfield.

### FOURTH AFFIRMATIVE DEFENSE

This Defendant is qualifiedly immune from liability and damages in her individual capacity.

### FIFTH AFFIRMATIVE DEFENSE

This Defendant in her individual capacity is absolutely immune from liability under 42 U.S.C. §1983.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover punitive damages under federal law, particularly 42 U.S.C. §1983.

### SEVENTH AFFIRMATIVE DEFENSE

This Defendant is entitled to sovereign immunity in that she was at all times an arm of a government body and was acting in good faith and in accordance with the laws and/or policies of that government body.

### EIGTH AFFIRMATIVE DEFENSE

At all times complained of, this Defendant, through its employees acted reasonably and prudently, who had a legitimate and lawful justification for all actions taken. No conduct by or on behalf of this Defendant violated clearly established rights of which a

reasonable person would have known so as to be cognizable under any federal statute. Further, once the crime that was committed against Rose Cochran was reported, the City, through its police department, had a duty to investigate the crime report. This duty to investigate the report of a probable crime was not a policy enacted in retaliation for any activity engaged in by Mark Mayfield.

### NINTH AFFIRMATIVE DEFENSE

At all times, this Defendant acted reasonably and in good faith reliance upon the existing law, and is therefore entitled to qualified immunity and/or absolute and/or judicial or quasi-judicial immunity for any and all claims alleged herein.

### TENTH AFFIRMATIVE DEFENSE

Identified in her official capacity as Mayor, Mary Hawkins Butler, is not a separate Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

At all relevant times, this Defendant's acts were reasonable, lawful and necessary under the circumstances then existing.

### TWELVTH AFFIRMATIVE DEFENSE

No claimed damage, loss or deprivation was caused by any governmental policy, custom or practice attributable to this Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

The actions of Mark Mayfield and others were the proximate cause, or the proximate contributing cause of all claimed losses, injuries and damages, or such losses, injuries and damages were the result of superseding intervening causes for which this Defendant has no liability.

**FOURTEENTH AFFIRMATIVE DEFENSE**

This Defendant possesses immunity and specifically asserts all rights, defenses, privileges and immunities available to her under applicable state and federal law. This Defendant invokes and asserts all rights, privileges and immunities available and as set forth in the United States Constitution and/or Mississippi Constitution and supporting/interpretive federal or state common law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

This Defendant would show that the factual allegations of Plaintiffs' Complaint, and the conduct complained of, does not violate any clearly established statutory or constitutional rights of Plaintiffs, determined by the standard of objective reasonableness measured by reference to clearly established law. Further, Defendant is not guilty of any deliberate abuse of inherently or governmental power, but rather, had probable cause and lawful justification for all actions undertaken.

And now, having fully answered, this Defendant demands that she be dismissed and discharged with all costs assessed to the Plaintiffs.

Dated:  October 2, 2018

Respectfully Submitted,

/s/  *Dale Danks, Jr.*
Dale Danks, Jr.

OF COUNSEL:

Dale Danks, Jr. (MSB# 5789)
Michael V. Cory, Jr. (MSB# 9868)
Kenneth C. Miller (MSB#10043)
Danks, Miller & Cory
213 South Lamar Street (39201)
Post Office Box 1759

Jackson, Mississippi 39215
Phone: 601.957.3101
Facsimile: 601.957.3160

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was served via the Court's

ECF system on the following counsel of record on October 2, 2018:

CARSON LAW GROUP, PLLC
Dorsey R. Carson, Jr., Esq.
dcarson@thecarsonlawgroup.com
Julie C. Skipper, Esq.
jskipper@thecarsonlawgroup.com

THORNTON LAW FIRM
Steve C. Thornton, Esq.
mail@lawlives.com

BRADLEY ARANT BOULT CUMMINGS, LLP
Simon T. Bailey, Esq.
sbailey@babc.com
Stephen Lee Thomas, Esq.
sthomas@babc.com

DANIEL, COKER, HORTON & BELL
Steven James Griffin, Esq.
sgriffin@danielcoker.com
Alan Walter Perry, Esq.
aperry@babc.com
Roy A. Smith, Jr., Esq.
rsmith@danielcoker.com

/s/   *Dale Danks, Jr.*