AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

| | | |
|---|---|---|
| ROBIN MAYFIELD, et al | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:17-cv-514-CWR-FKB |
| BUTLER SNOW, LLC, et al | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Quinton Dickerson, 740 Avignon Drive, #A, Ridgeland, MS 39157

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Carson Law Group, PLLC, 125 S. Congress Street, Suite 1336, Jackson, MS 39201 | Date and Time: 07/22/2020 9:00 am |
|---|---|

The deposition will be recorded by this method: oral stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
   See Attachment "A"

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/02/2020

*CLERK OF COURT*

_____       OR       _____
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Robin Mayfield, Owen Mayfield, William Mayfield, & Estate of Mark Mayfield , who issues or requests this subpoena, are:
Dorsey R Carson Jr 125 S Congress St Ste 1336 Jackson MS 39201 6013519831 dcarson@thecarsonlawgroup.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).


EXHIBIT 1

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT "A"
to
SUBPOENA DUCES TECUM

1. All documents related to the 2014 photographing of Rose Cochran by Clayton Thomas Kelly, or Clayton Thomas Kelly's publishing photographs of Rose Cochran, or Clayton Thomas Kelly's planning to photograph Rose Cochran.

2. All documents related to the 2014 arrests, prosecutions, and searches of the properties of Clayton Thomas Kelly, John Beachman Mary (aka Iohn Bert), Mark Stevens Mayfield, Richard Allen Sager, and Elaine Vechorik on charges stemming from Clayton Thomas Kelly's photographing Rose Cochran.

3. All documents related to topic 1 and/or 2 above and further related to any person or thing identified in the following list; and all documents related to topic 1 and/or 2 above and further related to communications with any person identified on the following list:

   - Clayton Thomas Kelly,
   - John Beachman Mary,
   - Richard Allen Sager,
   - Tara Kelly,
   - Elaine Vechorick,
   - Mark Stevens Mayfield, Esq.,
   - Thad Cochran,
   - Rose Cochran,
   - Kay Webber,
   - Thad Cochran's campaign staff, or any employee, representative, staff, or person a part thereof or connected thereto,
   - Thad Cochran's senate staff, or any employee, representative, staff, or person a part thereof or connected thereto,
   - Haley Barbour,
   - Austin Barbour,
   - Jordan Russell,
   - Kirk Sims,
   - Advance Mississippi. Inc., or any officer, employee, representative, agent, staff, or person apart thereof or associated or affiliated therewith,
   - Mississippi Conservatives political action committee, or any officer, employee, representative, agent, staff, or person apart thereof or associated or affiliated therewith,
   - any political action committee or other person or entity that made expenditures related to the 2014 U.S. Senate race in Mississippi,
   - Quentin Dickerson,
   - Frontier Strategies. LLC, or any employee, agent, representative, staff, or person a part thereof or associated or affiliated therewith,
   - Donald Clark, Jr., attorney with Butler Snow law firm,
   - Butler Snow, LLP law firm, or any employee, representative, staff, or person a part thereof, or associated or affiliated therewith,

- Mary Hawkins-Butler,
- the City of Madison, Mississippi, or any employee, representative, staff, or person a part thereof,
- the City of Madison Mayor's office, or any employee, representative, staff, or person a part thereof,
- Gene Waldrop,
- Vicki Currie,
- Charles "Chuck" Harrison,
- Mike Brown,
- Britanny Baker,
- the Madison Police Department Incident Report No.2014050539,
- the City of Madison Police Department, or any officer, employee, representative, staff, or person a part thereof,
- Dale Danks,
- the City of Madison Municipal Court, or any employee, representative, staff, or person a part thereof,
- John Hedglin, Trey Sims,
- the Office of the City Attorney for the City of Madison, or any employee, representative, staff, or person a part thereof,
- the Jones County Sheriff's Department, or any employee, representative, staff, or person a part thereof,
- Tonya Madison,
- the City of Ridgeland Police Department, or any officer, employee, representative, staff, or person a part thereof,
- Michael Guest,
- Brian Buckley,
- Marlin "Marty" Miller,
- the Madison County District Attorney's Office, or any employee, representative, staff, or person a part thereof,
- the Mississippi Office of Attorney General, or any employee, representative, staff, or person a part thereof,
- the Mississippi Bureau of Investigations, or any agent, employee, representative, staff, or person a part thereof,
- the Federal Bureau of Investigations, or any agent, employee, representative, staff, or person a part thereof,
- Andy Taggart,
- Taggart, Rimes & Graham, PLLC, or any partner, member, associate, officer, employee, representative, agent, staff, or person a part thereof,
- St. Catherine's Village, Inc., or any employee, representative, staff, or person a part thereof,
- Richard E. Wilbourn, III,
- Richard Wilbourn & Associates PLLC, or any partner, member, associate, officer, employee, representative, agent, staff, or person a part thereof,
- Kevin Camp, Esq.,

2

      • the Camp Law Firm, or any partner, member, associate, officer, employee, representative, agent, staff, or person a part thereof,
      • Jack Fairchild,
      • John Reeves, Esq.,
      • Joe Nosef, Esq.,
      • the Mississippi Republican Party, or any employee, representative, staff, or person a part thereof, or associated or affiliated therewith,
      • Trustmark Bank, or any employee, representative, staff, or person a part thereof,
      • any transactions with Trustmark Bank involving Kay Webber and/or Thad Cochran..
      • any other public or elected official,
      • any newspaper, magazine, television station, radio station, or other media outlet, or individual reporter, interviewer, or other members of the media.

4.    All documents reflecting any ads for Thad Cochran's 2014 Republican primary campaign.