IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ROBIN MAYFIELD, et al.**                                                                 **PLAINTIFFS**

**V.**                                                               **CAUSE NO. 3:17-CV-514-CWR-FKB**

**BUTLER SNOW LLP, et al.**                                                        **DEFENDANTS**

## ORDER

Before the Court is Officer Vickie Currie's motion to dismiss based on qualified immunity. Docket No. 445. On review, the motion will be granted.

The facts and applicable legal standards are well-known by now. *See Mayfield v. Currie*, 976 F.3d 482, 486 (5th Cir. 2020), *as revised* (Sept. 23, 2020); *see also Terwilliger v. Reyna*, 4 F.4th 270, at *3 (5th Cir. 2021).

The substantive question is whether Officer Currie violated the Fourth Amendment, as interpreted by *Franks v. Delaware*, by "deliberately or recklessly provid[ing] false, material information for use in an affidavit or [making] knowing and intentional omissions that result[ed] in a warrant being issued without probable cause." *Mayfield*, 976 F.3d at 487 (quotation marks and citation omitted). The Mayfields specifically believe that Officer Currie knowingly withheld from the Municipal Judge evidence that: (1) Mark Mayfield lacked intent to trespass because he believed anyone could enter St. Catherine's Village, and (2) Mark Mayfield lacked intent to invade Rose Cochran's privacy as he merely wanted a good, clear picture of her.

To defeat Officer Currie's entitlement to qualified immunity, the Mayfields "must show (1) that [she] violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Id.* at 486 (citations omitted).

The Mayfields run into problems on both elements.

First, on the merits, it is difficult to accept the proposition that Mark Mayfield lacked the requisite criminal intent. The allegations of the complaint set forth that Mayfield voluntarily helped the co-conspirators take a photo of Rose Cochran in a place where she was entitled to privacy. That place, St. Catherine's Village, is open for family members to visit their loved ones, not to the general public. Mayfield knew that because his mother was a resident. Entry to the premises was gained by a co-conspirator pretending to be a family member visiting on a holiday. And that the ensuing picture was not to anyone's liking does not mean Mayfield did not help them capture it in a private place. From all of the circumstances gained during the investigation, Mark Mayfield's criminal intent can be inferred.[1]

As for the second prong of the qualified immunity analysis, "it is the plaintiff's burden to establish that an allegedly violated right was clearly established." *Id.* at 487. That too is difficult for the plaintiffs to meet. They have not produced a single similar case where a court denied qualified immunity based on a difference of opinion about criminal intent. In *Winfrey v. Rogers*, 901 F.3d 483, 489 (5th Cir. 2018), for example, the officer was denied qualified immunity after he failed to mention in his affidavit hard exculpatory evidence like a lab report showing that the suspect's blood was not at the scene. Officer Currie's affidavit left much to be desired, but it did not omit exculpatory evidence.

The motion is granted. A separate Final Judgment shall issue.

**SO ORDERED**, this the 17th day of August, 2021.

                                            s/ Carlton W. Reeves
                                            UNITED STATES DISTRICT JUDGE

---

[1] The Mayfields say that Mark Mayfield was engaged in constitutionally protected speech by supporting his preferred candidate, and argue that the conversations between him and his co-conspirators about obtaining the photographic evidence was all about gathering information to help inform the public. We need not be sidetracked on that point, for the Supreme Court held long ago that the constitutional guarantee of freedom of speech does not immunize "speech or writing used as an integral part of conduct in violation of a valid criminal statute." *Giboney v. Empire Storage & Ice Co*., 336 U.S. 490, 498 (1949); *see also United States v. Varani*, 435 F.2d 758, 762 (6th Cir. 1970) ("[S]peech is not protected by the First Amendment when it is the very vehicle of the crime itself.").